ELECTRONICALLY FILED
12/4/2019 3:36 PM
17-CV-2019-900231.00
CIRCUIT COURT OF
CLAY COUNTY, ALABAMA
JULIE G. POE, CLERK

FILED
2019 Dec-09  PM 03:40
U.S. DISTRICT COURT
N.D. OF ALABAMA

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>17<br><br>Date of Filing:<br>12/04/2019 | Judge Code: |
|---|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF CLAY COUNTY, ALABAMA
### THOMAS E. VINSON ET AL v. ACADEMY LTD ET AL

**First Plaintiff:**  ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**First Defendant:**  ☑ Business  ☐ Individual  ☐ Government  ☐ Other

---

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☑ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

---

**ORIGIN:**  F ☑ INITIAL FILING    A ☐ APPEAL FROM DISTRICT COURT    O ☐ OTHER

R ☐ REMANDED    T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

---

**HAS JURY TRIAL BEEN DEMANDED?**  ☑ YES  ☐ NO    Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P., for procedure)

---

**RELIEF REQUESTED:**    ☑ MONETARY AWARD REQUESTED    ☐ NO MONETARY AWARD REQUESTED

---

**ATTORNEY CODE:**

WRI055                12/4/2019 3:36:11 PM              /s/ RICHARD ALLEN WRIGHT
_____         _____          _____
                     Date                              Signature of Attorney/Party filing this form

---

**MEDIATION REQUESTED:**    ☐ YES  ☑ NO  ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**    ☐ YES ☐ NO

ELECTRONICALLY FILED
1/4/2019 3:36 PM
17-CV-2019-900056.00
CIRCUIT COURT OF
CLAY COUNTY, ALABAMA
JULIE G. POE, CLERK

## IN THE CIRCUIT COURT OF CLAY COUNTY, ALABAMA

| | |
|---|---|
| **THOMAS E. VINSON** and **MATTHEW VINSON,** | |
| **Plaintiffs,** | |
| **vs.** | **CIVIL ACTION NO. _____** |
| **EXTREME PRODUCTS GROUP, LLC,** a foreign company; **ACADEMY LTD.** doing business as **ACADEMY SPORTS & OUTDOORS**, a foreign company; **KOHLBERG KRAVIS ROBERTS & COMPANY, INC.** a/k/a **KKR & CO. INC.,** a foreign corporation; **FICTITIOUS DEFENDANTS 1-25,** individuals and/or entities who or which had any role in the decisions and/or actions related to ordering, stocking, and/or displaying store merchandise, including the specific product made the basis of this Complaint, at the Academy Sports & Outdoors previously located at 310 Doug Baker Blvd. in Birmingham, Alabama; and **FICTITIOUS DEFENDANTS 26-50,** individuals and/or entities who or which had any role in the design, manufacture, testing, advertising and/or distribution of the specific product made the basis of this Complaint; | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| **Defendants.** | |

## COMPLAINT

COME NOW, **THOMAS E. VINSON** and **MATTHEW VINSON**, by and through the

undersigned counsel, and bring forth this civil Complaint for damages:

## INTRODUCTION

Inversion tables are devices promoted to allegedly reduce back and muscle pain by

relieving pressure on the user's spine.  The user, while standing with his back against the table-

like surface, secures his feet at one end of the table by adjusting the foot-locking mechanism located at his ankles. The table has a pivoting mechanism which then allows the user to invert his body into an upside-down, nearly vertical, position.

Despite increasing demand for inversion tables for temporary back pain relief, no adequate government regulations for inversion equipment have been created that mandate essential manufacturing standards. With no regulations, manufacturers can build inversion tables with inferior materials and cost-cutting techniques.

Defects in the design of inversion tables are well-known within the industry.  Indeed, inversion tables with similar or identical foot-locking mechanisms have failed and been subject to voluntary recalls by distributors as well as mandatory recalls by the Consumer Product Safety Commission.

Plaintiffs bring this case against Defendants for damages associated with the use of a Body Vision IT9825 Inversion Table which was designed, manufactured, marketed, sold and distributed by Defendants. Specifically, Plaintiff **THOMAS E. VINSON** suffered various injuries, including but not limited to, physical pain and suffering and medical, hospital and surgical expenses as a direct result of a defect in the foot-locking mechanism of the Body Vision IT9825 Inversion Table.

## <u>PARTIES</u>

1.      Plaintiff **THOMAS E. VINSON** is a resident of Phillipsburg, New Jersey.

2.      Plaintiff **MATTHEW VINSON** is the son of THOMAS E. VINSON and a resident of Ashland, Clay County, Alabama.

3.      Defendant **EXTREME PRODUCTS GROUP, LLC** ("Extreme Products") is formed under the laws of the state of Delaware with its principal place of business in Phoenix, Arizona.  Extreme Products is a sporting goods manufacturer and designer which markets and

distributes its products under the brand "Elite Fitness" and is the manufacturer of the Body Vision Inversion Table.  Extreme Products markets, sells, and distributes fitness and related equipment throughout the United Stated, including Alabama.

4.      Defendant **ACADEMY LTD. d/b/a ACADEMY SPORTS & OUTDOORS** ("Academy Sports") is formed under the laws of the state of Texas with its principal place of business in Katy, Texas.  Academy Sports, a sporting goods retailer authorized to do business in and profiting from business in the State of Alabama, marketed and sold the defective Body Vision Inversion Table at issue in this lawsuit.

5.      **KOHLBERG KRAVIS ROBERTS & CO.** a/k/a **KKR & CO. INC.** ("KKR") is an investment firm formed under the laws of the state of Delaware with its principal place of business in New York, New York.  KKR is the parent company of Academy Sports.

6.      **FICTITIOUS DEFENDANTS 1-25** are individuals and/or entities doing business in the State of Alabama, and at all times relevant to the allegations of the instant Complaint, were doing business and/or involved in the decisions and/or actions related to ordering, stocking, and/or displaying store merchandise, including the specific product made the basis of this Complaint, at the Academy Sports & Outdoors previously located at 310 Doug Baker Blvd. in Birmingham, Alabama. Each of said defendants is hereinafter collectively referred to as "Defendants."

7.      **FICTITIOUS DEFENDANTS 26-50** are individuals and/or entities doing business in the State of Alabama, and at all times relevant to the allegations of the instant Complaint, had a role in, or were responsible for, the design, manufacture, testing, advertising and/or distribution of the specific product made the basis of this Complaint.

## JURISDICTION AND VENUE

8.      Plaintiff Matthew Vinson is a resident and citizen of Ashland, Clay County, Alabama

9.      Plaintiff Thomas E. Vinson was injured while using the Body Inversion Table manufactured by Extreme Products and sold by Academy Sports previously located at 310 Doug Baker Blvd. in Birmingham, Alabama.  Plaintiff's injuries occurred at his son's residence in Ashland, Clay County, Alabama.

10.      At all times relevant to this action, Defendants, and each of them, engaged, either directly or indirectly, in the business of designing, manufacturing, testing, advertising, distributing, ordering, stocking, and/or displaying the inversion table at issue and permitting or causing the inversion table at issue to be delivered to, and used by, Plaintiffs. Defendants knew, and intended for, their product to reach Plaintiffs in Clay County, Alabama.

11.      Jurisdiction is proper in the Circuit Court of Clay County, Alabama because a substantial part of the events or omissions giving rise to this suit occurred in Clay County, Alabama and Defendants committed torts in whole or in part against Plaintiff in Clay County, Alabama.

## FACTUAL ALLEGATIONS

12.      In January 2019, Plaintiff Matthew Vinson purchased an Extreme Products "Body Vision IT9825 Premium Inversion Table" (hereinafter, the "IT9825") from Academy Sports previously located at 310 Doug Baker Blvd. in Birmingham, Alabama.

13.      On its website, www.extremeproductsgroup.com, Extreme Products describes the IT9825 as follows:

The Body Vision IT 9825 has **support** for maximum comfort. Unlike other inversion tables made out of plastic, or thin padding, this model incorporates thick **comfortable** structured foam, and a durable cover to ensure ultimate comfort. Be on your way to a better back with the Body Vision IT 9825 Inversion Table.

- Removable head pillow
- Soft foam backrest
- Easy grip foam handlebars
- Adjustable and removable lumbar pad
- Frame safety locking pin
- 4 position 20, 40, 60, and 90 degree inversion selector pin
- Sturdy steel tube frame
- Inversion height adjust from 5'1" and 6'6"
- Rolling wheels
- Comfortable foam ankle rollers
- 30 minutes or less assembly
- 250lb weight capacity
- Folds for easy storage

Our Inversion Tables are designed to **relieve back pressure**, elongate the spine, **increase blood circulation**, reduce negative effects of gravity, promote stretching, improve posture, **relieve muscle aches**, and relieve stress.

14.     The IT9825 purchased by Matthew Vinson cost approximately $120.00 before taxes.

15.     As indicated by the owner's manual, the leg-hold tube, part of the foot-locking mechanism on the IT9825, contained a spring pre-assembled inside the tube from the factory.

16.     On or about February 1, 2019, while visiting his son in Ashland, Alabama, Plaintiff Thomas E. Vinson attempted to use the IT9825 purchased by his son.

17.     While in the inverted position hanging upside-down, the foot-locking mechanism on the IT9825 unexpectedly released causing Thomas E. Vinson to fall straight down onto his head with hyperflexion of his neck.

18.     Thomas E. Vinson was unaware of the defective design and the danger to him posed by the defective design.

19.     Thomas E. Vinson was taken by ambulance to the emergency room due to neck pain, weakness and paralysis of the upper and lower extremities.

20.     Emergency physicians diagnosed Thomas E. Vinson with a spinal cord injury, and CT scans of the cervical spine revealed a fracture of the spinous process at C6.

21.     On February 4, 2019, Thomas E. Vinson, who was age 70 at the time, underwent a C6-C7 anterior cervical diskectomy and fusion ("ACDF").

22.     Following his discharge from the hospital, Plaintiff Thomas E. Vinson endured weeks of physical and occupational therapy.

23.     To date, Thomas E Vinson has recovered only a very small amount of movement in his arms and legs, with little fine motor control, minimal ability to move with any significant range of motion, and minimal ability to grip with his hands.

24.     Thomas E. Vinson will require lifelong medical and related care, services, equipment, and supplies as a result of his spinal injury.

25.     Thomas E. Vinson has suffered and will continue to suffer pain and suffering, medical costs, income loss and earning capacity losses as a result of his spinal injury.

### COUNT I
### ALABAMA EXTENDED MANUFACTURER'S LIABILITY DOCTRINE
### ALABAMA CODE § 6-8-501 *et seq.*

26.     Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

27.     Defendants are strictly liable to Plaintiff Thomas E. Vinson under Ala. Code § 6-5-501 *et seq.* ("AEMLD").

28.     Defendants have engaged in the business of designing, researching, manufacturing, marketing, supplying, promoting, packaging, selling, testing and/or distributing the IT9825. Through their conduct, Defendants knowingly and intentionally placed the IT9825 into the stream of commerce with full knowledge that it reaches consumers, such as Plaintiffs, who utilize it in its intended manner.

29.     Defendants researched, developed, designed, tested, manufactured, inspected, labeled, distributed, marketed, promoted, sold and otherwise released the IT9825 into the stream of commerce. Defendants directly advertised, marketed, and promoted the IT9825 to Plaintiffs and other consumers, and therefore had a duty to warn of the risks associated with the use of the IT9825.

30.     Defendants expected the IT9825 to reach, and it did in fact reach, consumers, including Plaintiffs, without any substantial change in the condition of the product from when it was initially distributed by Defendants.

31.     The IT9825, as manufactured and/or supplied by Defendants, was defective due to inadequate warnings or instructions, Defendants knew or should have known that the product created significant risks of serious bodily harm to consumers, as alleged herein, and they failed to adequately warn consumers of such risks.

32.     The IT9825 was defective and unsafe such that it was unreasonably dangerous when it left the Defendants' possession and/or control, was distributed by Defendants, and utilized by Plaintiffs.  The IT9825 contained warnings insufficient to alert consumers, including Plaintiffs, to the dangerous risks associated with use of the IT9825, including falling while inverted as Plaintiff Thomas E. Vinson did.

33.     This defect caused serious injury to Plaintiff Thomas E. Vinson, who used the IT9825 for its intended purpose and in a reasonably anticipated manner.

34.     At all times herein mentioned, Defendants had a duty to properly test, develop, design, manufacture, inspect, package, label, market, promote, sell, distribute, supply, warn and take such other steps as necessary to ensure the IT9825 did not cause users to suffer from unreasonable and dangerous risks.

35.     Defendants negligently and recklessly labeled, distributed and promoted the IT9825.

36.     Defendants had a continuing duty to warn Plaintiff of the dangers associated with the IT9825.

37.     Defendants, as manufacturers, sellers, or distributors of sporting goods and related products, are held to the knowledge of an expert in the field.

38.     Plaintiffs could not have discovered any defects in the IT9825 through the exercise of reasonable care and relied upon the skill, superior knowledge and judgment of Defendants.

39.     Defendants were aware of the probable consequences of the aforesaid conduct. Despite the fact that Defendants knew or should have known that the IT9825 could cause serious injuries, they failed to exercise reasonable care to warn of the severity of the dangerous risks associated with its use. The dangerous propensities of the IT9825, as referenced above, were known to the Defendants, or knowable to them, through appropriate research and testing by known methods, at the time they distributed, supplied or sold the product. Such information was not known to ordinary consumers who would be expected to purchase the IT9825 for personal use.

40.     The IT9825, as manufactured and/or supplied by Defendants, was unreasonably dangerous when used by consumers, including Plaintiffs, in a reasonably intended manner without knowledge of this risk of serious bodily harm.

41.     Each of the Defendants knew or should have known that the limited warnings disseminated with the IT9825 were inadequate, but they failed to communicate adequate information on the dangers of their product and information on the safe use of their product, taking into account the characteristics of and the ordinary knowledge common to ordinary consumers who would be expected to purchase the IT9825 for personal use.

42.     In particular, Defendants failed to communicate warnings and instructions to ordinary consumers that were appropriate and adequate to render the product safe for its ordinary, intended, and reasonably foreseeable uses, including the common, foreseeable, and intended use of the product by consumers, including Plaintiffs.

43.     To this day, Defendants have failed to adequately and accurately warn of the true risks of injuries associated with the use of the IT9825.

44.     Due to these deficiencies and inadequacies, the IT9825 was unreasonably dangerous and defective as manufactured, distributed, promoted, advertised, sold, labeled and marketed by the Defendants.

45.     Had Defendants properly disclosed and disseminated the risks associated with the IT9825, Plaintiff Thomas E. Vinson would have avoided the risk of sustaining injuries as alleged herein.

46.     The Defendants are liable to Plaintiff Thomas E. Vinson for injuries caused by their negligent or willful failure to provide adequate warnings or other clinically relevant

information and data regarding the appropriate use of the IT9825 and the risks associated with its use.

47.     As a foreseeable, direct, and proximate consequence of Defendants' actions, omissions, and misrepresentations, **Plaintiff Thomas E. Vinson suffered a spinal cord injury and fracture of the cervical spine, which caused partial quadriplegia, decreased coordination and balance, occupational disruption and other related health complications.** In addition, Plaintiff Thomas E. Vinson requires, and will continue to require, healthcare and services. Plaintiff Thomas E. Vinson has incurred and will continue to incur medical and related expenses. Plaintiff Thomas E. Vinson also has suffered and will continue to suffer diminished capacity for the enjoyment of life, a diminished quality of life, increased risk of premature death, aggravation of preexisting conditions, activation of latent conditions, and other losses and damages. Plaintiff Thomas E. Vinson has incurred and will continue to incur mental and physical pain and suffering.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants, individually, jointly, and severally, and request compensatory and punitive damages, together with interest, costs herein incurred, attorneys' fees, and all such other and further relief as this Court deems just and proper.  Plaintiffs also demand that the issues contained herein be tried by a jury.

## COUNT II
## DESIGN DEFECT

48.     Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

49.     Defendants placed the IT9825 into the stream of commerce while it was defective and unreasonably dangerous.

50.     The IT9825 had a design defect in that it failed to perform as safely as an ordinary user would expect when used in a manner reasonably foreseeable to the manufacturer.

51.     The IT9825 was flawed in its design in that it failed to secure the user's feet. Specifically, the IT9825 failed to properly secure Plaintiff Thomas E. Vinson's feet during the foreseeable and intended use by Thomas E. Vinson.

52.     The IT9825 was flawed in its design in that it failed to apprise the user that the foot-locking mechanism was, or was not, fully engaged.

53.     The IT9825 was flawed in its design in that it failed to utilize a foot-locking mechanism which would affirmatively and effectively engage the user's ankles and feet in place.

54.     At the time the IT9825 was designed, safer alternative designs existed which were both technically and economically feasible, and which would have eliminated and/or mitigated the risk of the aforementioned foot release and fall.

55.     The IT9825 reached Plaintiffs without substantial change to its condition and was in that same condition at the time of Plaintiff Thomas E. Vinson's injury.

56.     The design defect was a direct and proximate cause of the damages, harms and losses alleged in the instant action.

57.     As a foreseeable, direct, and proximate consequence of Defendants' actions, omissions, and misrepresentations, **Plaintiff Thomas E. Vinson suffered a spinal cord injury and fracture of the cervical spine, which caused partial quadriplegia, decreased coordination and balance, occupational disruption and other related health complications.** In addition, Plaintiff Thomas E. Vinson requires and will continue to require healthcare and

services. Plaintiff Thomas E. Vinson has incurred and will continue to incur medical and related expenses. Plaintiff Thomas E. Vinson also has suffered and will continue to suffer diminished capacity for the enjoyment of life, a diminished quality of life, increased risk of premature death, aggravation of preexisting conditions, activation of latent conditions, and other losses and damages. Plaintiff Thomas E. Vinson has incurred and will continue to incur mental and physical pain and suffering.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants, individually, jointly, and severally, and request compensatory and punitive damages, together with interest, costs herein incurred, attorneys' fees, and all such other and further relief as this Court deems just and proper.  Plaintiffs also demand that the issues contained herein be tried by a jury.

<u>**COUNT III**</u>
<u>**MANUFACTURING DEFECT**</u>

58.     Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

59.     The IT9825 was designed, manufactured, marketed, promoted, sold and introduced into the stream of commerce by Defendants.

60.     When it left the control of Defendants, the IT9825 was expected to, and did reach Plaintiff without substantial change from the condition in which it left Defendants' control.

61.     The IT9825 was defective when it left Defendants' control and was placed in the stream of commerce, in that there were foreseeable risks that exceeded the benefits of the product and/or that it deviated from the product specifications and/or applicable requirements, and posed a risk of serious injury and death.

62.     Plaintiffs used the IT9825 in substantially the same condition it was in when it left the control of Defendants and any changes or modifications were foreseeable by Defendants.

63.     Plaintiffs did not misuse or materially alter the IT9825 at issue.

64.     Defendants' conduct, as described above, was reckless. Defendants risked the lives and health of consumers and users of the IT9825, including Plaintiffs, with knowledge of the safety problems associated with the IT9825, and suppressed this knowledge from the general public. Defendants made conscious decisions not to redesign, adequately warn, or inform the unsuspecting public. Defendants' reckless conduct warrants an award of punitive damages.

65.     As a foreseeable, direct, and proximate consequence of Defendants' actions, omissions, and misrepresentations, **Plaintiff Thomas E. Vinson suffered a spinal cord injury and fracture of the cervical spine, which caused partial quadriplegia, decreased coordination and balance, occupational disruption and other related health complications.** In addition, Plaintiff Thomas E. Vinson requires and will continue to require healthcare and services. Plaintiff Thomas E. Vinson has incurred and will continue to incur medical and related expenses. Plaintiff Thomas E. Vinson also has suffered and will continue to suffer diminished capacity for the enjoyment of life, a diminished quality of life, increased risk of premature death, aggravation of preexisting conditions, activation of latent conditions, and other losses and damages. Plaintiff Thomas E. Vinson has incurred and will continue to incur mental and physical pain and suffering.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants, individually, jointly, and severally, and request compensatory and punitive damages, together with interest, costs herein incurred, attorneys' fees, and all such other and further relief

as this Court deems just and proper.  Plaintiffs also demand that the issues contained herein be tried by a jury.

## COUNT IV
## FAILURE TO WARN

66.     Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

67.     Defendants placed the IT9825 into the stream of commerce in an unreasonably dangerous condition.

68.     Defendants failed to include a specific warning that persons using the table could be caused to suffer injury due to a defective foot-locking mechanism.

69.     As a foreseeable, direct, and proximate consequence of Defendants' actions, omissions, and misrepresentations, **Plaintiff Thomas E. Vinson suffered a spinal cord injury and fracture of the cervical spine, which caused partial quadriplegia**, **decreased coordination and balance, occupational disruption and other related health complications.** In addition, Plaintiff Thomas E. Vinson requires and will continue to require healthcare and services. Plaintiff Thomas E. Vinson has incurred and will continue to incur medical and related expenses. Plaintiff Thomas E. Vinson also has suffered and will continue to suffer diminished capacity for the enjoyment of life, a diminished quality of life, increased risk of premature death, aggravation of preexisting conditions, activation of latent conditions, and other losses and damages. Plaintiff Thomas E. Vinson has incurred and will continue to incur mental and physical pain and suffering.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants, individually, jointly, and severally, and request compensatory and punitive damages, together with interest, costs herein incurred, attorneys' fees, and all such other and further relief

as this Court deems just and proper.  Plaintiffs also demand that the issues contained herein be tried by a jury.

## COUNT V
## NEGLIGENCE AND/OR WANTONNESS

70.     Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

71.     At all times relevant to this action, Defendants had a duty to exercise reasonable care and to comply with the existing standards of care in their preparation, design, research, development, manufacture, inspection, labeling, marketing, promoting, and selling of the IT9825, which Defendants introduced into the stream of commerce, including a duty to ensure that users would not suffer from unreasonable, dangerous, or adverse side effects posed by the IT9825.

72.     At all times relevant to this action, Defendants knew or, in the exercise of reasonable care, should have known that the IT9825 was unreasonably dangerous and defective when used as directed and as designed.

73.     At all times relevant to this action, Defendants failed to exercise reasonable care in the designing, manufacturing, marketing, promoting, and/or selling of a dangerous and defectively designed and/or manufactured product which put users at a substantial and unnecessary risk of harm.

74.     The negligence of Defendants, their agents, servants, and/or employees, included, but was not limited, to the following acts and/or omissions:

     a) Negligently designing the IT9825 in a manner which was dangerous to consumers, including Plaintiff Thomas E. Vinson;

     b) Designing, manufacturing, producing, creating and/or promoting the IT9825 without adequately, sufficiently, and/or thoroughly testing it;

    c) Failing to adequately and correctly warn Plaintiffs and ordinary consumers of the dangers of the IT9825;

    d) Failing to recall their dangerous and defective IT9825 at the earliest date that it became known that the device was, in fact, dangerous and defective;

    e) Advertising and/or marketing the use of the IT9825 despite the fact that Defendants knew or should have known of its defects;

    f) Representing that the IT9825 was safe for its intended purpose when, in fact, it was unsafe;

    g) Designing the IT9825 in a manner which posed a significant risk of harm to consumers, including Plaintiff Thomas E. Vinson;

    h) Manufacturing the IT9825 in a manner which posed a significant risk of harm to consumers, including Plaintiff Thomas E. Vinson; and

    i) Failing to report, under-reporting, underestimating, and/or downplaying the serious danger of the IT9825.

75. The injuries and damages suffered by Plaintiff Thomas E. Vinson were the reasonably foreseeable results of Defendants' negligence.

76. Defendants' negligence/wantonness was a direct and proximate cause of Plaintiffs' injuries, damages, harms and economic losses alleged in this case.

77. As a foreseeable, direct, and proximate consequence of Defendants' actions, omissions, and misrepresentations, **Plaintiff Thomas E. Vinson suffered a spinal cord injury and fracture of the cervical spine, which caused partial quadriplegia, decreased coordination and balance, occupational disruption and other related health complications.** In addition, Plaintiff Thomas E. Vinson requires and will continue to require healthcare and services. Plaintiff Thomas E. Vinson has incurred and will continue to incur medical and related expenses. Plaintiff Thomas E. Vinson also has suffered and will continue to suffer diminished capacity for the enjoyment of life, a diminished quality of life, increased risk of premature death,

aggravation of preexisting conditions, activation of latent conditions, and other losses and damages. Plaintiff Thomas E. Vinson has incurred and will continue to incur mental and physical pain and suffering.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants, individually, jointly, and severally, and request compensatory and punitive damages, together with interest, costs herein incurred, attorneys' fees, and all such other and further relief as this Court deems just and proper.  Plaintiffs also demand that the issues contained herein be tried by a jury.

## COUNT VI
## BREACH OF IMPLIED WARRANTY

78.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

79.     Defendants were in the business of marketing and selling the IT9825.

80.     At the time of sale, Defendants' conduct implied a warranty the IT9825 was reasonably fit for the ordinary purposes for which such products are used.

81.     At the time of sale, the IT9825 was not reasonably fit for the ordinary purposes for which such products are used.

82.     Because the product was not reasonably fit for its ordinary use, the product was defective and unreasonably dangerous.

83.     Defendants' breach of implied warranty was a direct and proximate cause of the damages, harms and losses alleged in this case.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants, individually, jointly, and severally, and request compensatory damages, together with interest, costs herein incurred, attorneys' fees, and all such other and further relief as this

Court deems just and proper. Plaintiffs also demands that the issues contained herein be tried by a jury.

## COUNT VII
## BREACH OF EXPRESS WARRANTY

84.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

85.     Defendant Extreme Products expressly warranted to Plaintiff Matthew Vinson, the following:

> Extreme Products Group warrants that this product will be free from defects in materials and workmanship for a period of ninety (90) days from the date of purchase. This warranty applies only to the original purchaser when purchase of the product is from an authorized retailer and is for personal or household use, but not when the sale is for commercial use. This warranty is not transferrable.

86.     Within ninety days of purchase of the IT9825 by Plaintiff Matthew Vinson, Plaintiffs discovered that the IT9825 was defective when the foot-locking mechanism failed causing Plaintiff Thomas E. Vinson to fall directly on his head.

87.     Extreme Products further expressly warranted to Plaintiffs, by and through its authorized agent or sales representative, Defendant Academy Sports, in publications, package inserts, the internet, and other communications intended for ordinary consumers that the IT9825 was safe, effective, fit and proper for its intended use.

88.     Plaintiffs relied on Defendants' representations regarding the quality and safety of the IT9825 and Defendants' representations became part of the basis of the bargain.

89.     As a direct and proximate result of the conduct of Defendant Extreme Products, Plaintiffs have suffered injuries, harm, damages and/or economic loss and will continue to suffer such harm, damages and economic loss in the future.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants, individually, jointly, and severally, and request compensatory damages, together with interest, costs herein incurred, attorneys' fees, and all such other and further relief as this Court deems just and proper.  Plaintiffs also demand that the issues contained herein be tried by a jury.

Respectfully Submitted on this, the 4th day of December, 2019,


*/s/ Richard A. Wright*

Richard A. Wright (WRI055)
Janine McKinnon McAdory (MCK069)
WETTERMARK & KEITH, LLC
3595 Grandview Parkway, Suite 350
Birmingham, Alabama 35243
Phone: (205) 933-9500
Fax: (800) 309-0500
rwright@wkfirm.com
jmcadory@wkfirm.com



**PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL**

**ACADEMY LTD.**
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104

**EXTREME PRODUCTS GROUP, LLC**
c/o Corporation Services Company
2711 Centerville Road
Wilmington, Delaware 19808

**KOHLBERG KRAVIS ROBERTS & CO.**
9 West 57th Street, Suite 4200
New York, New York 10019

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>17-CV-2019-900056.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF CLAY COUNTY, ALABAMA
### THOMAS E. VINSON ET AL V. ACADEMY LTD ET AL

**NOTICE TO:** ACADEMY LTD, C/O CT  CORPORATION SYSTM 2 N. JACKSON STREET #605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), RICHARD ALLEN WRIGHT

,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2131 MAGNOLIA AVE STE 200, BIRMINGHAM, AL 35205          .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of  THOMAS E. VINSON

*[Name(s)]*

pursuant to the Alabama Rules of the Civil Procedure.

| 12/04/2019 | /s/ JULIE G. POE | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.          /s/ RICHARD ALLEN WRIGHT

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on          .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to

in          County,

*(Name of Person Served)*          *(Name of County)*

Alabama on          .

*(Date)*

*(Type of Process Server)*          *(Server's Signature)*          *(Address of Server)*

*(Server's Printed Name)*          *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>17-CV-2019-900056.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF CLAY COUNTY, ALABAMA**
**THOMAS E. VINSON ET AL V. ACADEMY LTD ET AL**

**NOTICE TO:** EXTREME PRODUCTS GROUP, LLC, C/O CORP SERVICES COMPANY 2711 CENTERVILLE ROAD, WILMINGTON, DE 19808

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), RICHARD ALLEN WRIGHT

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 2131 MAGNOLIA AVE STE 200, BIRMINGHAM, AL 35205

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of THOMAS E. VINSON
*[Name(s)]*
pursuant to the Alabama Rules of the Civil Procedure.

| 12/04/2019 | /s/ JULIE G. POE | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.   /s/ RICHARD ALLEN WRIGHT

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .
*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,
*(Name of Person Served)*    *(Name of County)*

Alabama on _____ .
*(Date)*

_____    _____
*(Type of Process Server)*    *(Server's Signature)*

_____
*(Address of Server)*

_____
*(Server's Printed Name)*

_____
*(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>17-CV-2019-900056.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF CLAY COUNTY, ALABAMA
## THOMAS E. VINSON ET AL V. ACADEMY LTD ET AL

**NOTICE TO:**   KOHLBERG KRAVIS ROBERTS & CO, 9 WEST 57TH STREET SUITE 4200, NEW YORK, NY 10019

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), RICHARD ALLEN WRIGHT

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 2131 MAGNOLIA AVE STE 200, BIRMINGHAM, AL 35205

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of THOMAS E. VINSON

*[Name(s)]*

pursuant to the Alabama Rules of the Civil Procedure.

| 12/04/2019 | /s/ JULIE G. POE | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.       /s/ RICHARD ALLEN WRIGHT

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*                          *(Name of County)*

Alabama on _____.

*(Date)*

_____        _____        _____

*(Type of Process Server)*        *(Server's Signature)*                *(Address of Server)*

_____        _____

*(Server's Printed Name)*                *(Phone Number of Server)*

DOCUMENT 5

# U.S. Postal Service™
# CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com*.

OFFICIAL USE

Certified Mail Fee

$

Extra Services & Fees *(check box, add fee as appropriate)*

☐ Return Receipt (hardcopy)           $ _____
☐ Return Receipt (electronic)          $ _____
☐ Certified Mail Restricted Delivery   $ _____
☐ Adult Signature Required             $ _____
☐ Adult Signature Restricted Delivery  $ _____

Postmark
Here

ROTLAND, AL

DEC

0 5 2019

CV-2019-900056

Postage

$

Total Postage and Fees

$

Sent To
*Extreme Products Group, LLC % Corp. Services*

Street and Apt. No., or PO Box No.
*2711 Centerville Road*

City, State, ZIP+4
*Wilmington, DE 19808*

7018 3090 0001 7097 0532

PS Form 3800, April 2015 PSN 7530-02-000-9047        See Reverse for Instructions

# Certified Mail service provides the following benefits:

- A receipt (this portion of the Certified Mail label).
- A unique identifier for your mailpiece.
- Electronic verification of delivery or attempted delivery.
- A record of delivery (including the recipient's signature) that is retained by the Postal Service™ for a specified period.

## *Important Reminders:*

- You may purchase Certified Mail service with First-Class Mail®, First-Class Package Service®, or Priority Mail® service.
- Certified Mail service is *not* available for international mail.
- Insurance coverage is *not* available for purchase with Certified Mail service. However, the purchase of Certified Mail service does not change the insurance coverage automatically included with certain Priority Mail items.
- For an additional fee, and with a proper endorsement on the mailpiece, you may request the following services:
  - Return receipt service, which provides a record of delivery (including the recipient's signature). You can request a hardcopy return receipt or an electronic version. For a hardcopy return receipt, complete PS Form 3811, *Domestic Return Receipt*; attach PS Form 3811 to your mailpiece;

for an electronic return receipt, see a retail associate for assistance. To receive a duplicate return receipt for no additional fee, present this USPS®-postmarked Certified Mail receipt to the retail associate.

  - Restricted delivery service, which provides delivery to the addressee specified by name, or to the addressee's authorized agent.
  - Adult signature service, which requires the signee to be at least 21 years of age (not available at retail).
  - Adult signature restricted delivery service, which requires the signee to be at least 21 years of age and provides delivery to the addressee specified by name, or to the addressee's authorized agent (not available at retail).

- To ensure that your Certified Mail receipt is accepted as legal proof of mailing, it should bear a USPS postmark. If you would like a postmark on this Certified Mail receipt, please present your Certified Mail item at a Post Office™ for postmarking. If you don't need a postmark on this Certified Mail receipt, detach the barcoded portion of this label, affix it to the mailpiece, apply appropriate postage, and deposit the mailpiece.

**IMPORTANT: Save this receipt for your records.**

PS Form **3800**, April 2015 *(Reverse)* PSN 7530-02-000-9047



# U.S. Postal Service™
# CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

7018 3090 0001 7097 0525

Certified Mail Fee

$

Extra Services & Fees *(check box, add fee as appropriate)*

☐ Return Receipt (hardcopy)         $
☐ Return Receipt (electronic)       $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required          $
☐ Adult Signature Restricted Delivery $

Postmark
Here

DEC
0 5 2019
CV 2019-900056

Postage

$

Total Postage and Fees

$

Sent To  *Rohlberg Kravis Roberts & Co*

Street and Apt. No., or PO Box No.  *9 West 57th Street, Suite 4200*

City, State, ZIP+4®  *New York, NY 10019*

PS Form 3800, April 2015 PSN 7530-02-000-9047          See Reverse for Instructions

# Certified Mail service provides the following benefits:

- A receipt (this portion of the Certified Mail label).

- A unique identifier for your mailpiece.

- Electronic verification of delivery or attempted delivery.

- A record of delivery (including the recipient's signature) that is retained by the Postal Service™ for a specified period.

## Important Reminders:

- You may purchase Certified Mail service with First-Class Mail®, First-Class Package Service®, or Priority Mail® service.

- Certified Mail service is *not* available for international mail.

- Insurance coverage is *not* available for purchase with Certified Mail service. However, the purchase of Certified Mail service does not change the insurance coverage automatically included with certain Priority Mail items.

- For an additional fee, and with a proper endorsement on the mailpiece, you may request the following services:

  - Return receipt service, which provides a record of delivery (including the recipient's signature). You can request a hardcopy return receipt or an electronic version. For a hardcopy return receipt, complete PS Form 3811, *Domestic Return Receipt*; attach PS Form 3811 to your mailpiece;

for an electronic return receipt, see a retail associate for assistance. To receive a duplicate return receipt for no additional fee, present this USPS®-postmarked Certified Mail receipt to the retail associate.

  - Restricted delivery service, which provides delivery to the addressee specified by name, or to the addressee's authorized agent.

  - Adult signature service, which requires the signee to be at least 21 years of age (not available at retail).

  - Adult signature restricted delivery service, which requires the signee to be at least 21 years of age and provides delivery to the addressee specified by name, or to the addressee's authorized agent (not available at retail).

- To ensure that your Certified Mail receipt is accepted as legal proof of mailing, it should bear a USPS postmark. If you would like a postmark on this Certified Mail receipt, please present your Certified Mail item at a Post Office™ for postmarking. If you don't need a postmark on this Certified Mail receipt, detach the barcoded portion of this label, affix it to the mailpiece, apply appropriate postage, and deposit the mailpiece.

**IMPORTANT: Save this receipt for your records.**

PS Form **3800**, April 2015 *(Reverse)* PSN 7530-02-000-9047

# U.S. Postal Service™
# CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com*¹.

OFFICIAL USE

Certified Mail Fee

$

Extra Services & Fees *(check box, add fee as appropriate)*

☐ Return Receipt (hardcopy)    $

☐ Return Receipt (electronic)    $

☐ Certified Mail Restricted Delivery    $

☐ Adult Signature Required    $

☐ Adult Signature Restricted Delivery    $

Postmark
Here

Postage

$

**Total Postage and Fees**

$

CV-19-900056

*Sent To* Academy LTD c/o CT Corporation System

*Street and Apt. No., or PO Box No.* 2 N Jackson Street #605

*City, State, ZIP+4®* Montgomery, AL 36104

PS Form 380J, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

7018 3090 0001 7097 0545

# Certified Mail service provides the following benefits:

- A receipt (this portion of the Certified Mail label).
- A unique identifier for your mailpiece.
- Electronic verification of delivery or attempted delivery.
- A record of delivery (including the recipient's signature) that is retained by the Postal Service™ for a specified period.

## Important Reminders:

- You may purchase Certified Mail service with First-Class Mail®, First-Class Package Service®, or Priority Mail® service.
- Certified Mail service is *not* available for international mail.
- Insurance coverage is *not* available for purchase with Certified Mail service. However, the purchase of Certified Mail service does not change the insurance coverage automatically included with certain Priority Mail items.
- For an additional fee, and with a proper endorsement on the mailpiece, you may request the following services:
  - Return receipt service, which provides a record of delivery (including the recipient's signature). You can request a hardcopy return receipt or an electronic version. For a hardcopy return receipt, complete PS Form 3811, *Domestic Return Receipt*; attach PS Form 3811 to your mailpiece; for an electronic return receipt, see a retail associate for assistance. To receive a duplicate return receipt for no additional fee, present this USPS®-postmarked Certified Mail receipt to the retail associate.
  - Restricted delivery service, which provides delivery to the addressee specified by name, or to the addressee's authorized agent.
  - Adult signature service, which requires the signee to be at least 21 years of age (not available at retail).
  - Adult signature restricted delivery service, which requires the signee to be at least 21 years of age and provides delivery to the addressee specified by name, or to the addressee's authorized agent (not available at retail).
- To ensure that your Certified Mail receipt is accepted as legal proof of mailing, it should bear a USPS postmark. If you would like a postmark on this Certified Mail receipt, please present your Certified Mail item at a Post Office™ for postmarking. If you don't need a postmark on this Certified Mail receipt, detach the barcoded portion of this label, affix it to the mailpiece, apply appropriate postage, and deposit the mailpiece.

**IMPORTANT: Save this receipt for your records.**

PS Form **3800,** April 2015 *(Reverse)* PSN 7530-02-000-9047

ELECTRONICALLY FILED
3/10/2019 10:06 AM
17-CV-2019-900056.00
CIRCUIT COURT OF
CLAY COUNTY, ALABAMA
JULIE G. POE, CLERK

## IN THE CIRCUIT COURT OF CLAY COUNTY, ALABAMA

| | |
|---|---|
| THOMAS E. VINSON and | ) |
| MATTHEW VINSON, | ) CV-2019-900056 |
| | ) |
| **Plaintiffs,** | ) |
| v. | ) |
| | ) |
| | ) |
| EXTREME PRODUCTS GROUP, LLC, | ) |
| ACADEMY LTD, d/b/a ACADEMY SPORTS | ) |
| & OUTDOORS, KOHLBERG KRAVIS | ) |
| ROBERTS & COMPANY INC, a/k/a KKR | ) |
| & CO. INC, et al. | ) |

## NOTICE OF APPEARANCE

COMES NOW Janine McKinnon McAdory, of the law firm of Wettermark Keith, LLC, whose address is 3595 Grandview Parkway, Suite 350, Birmingham, AL 35243, and hereby gives notice of her appearance as counsel of record in the above-styled case on behalf of the Plaintiffs and requests that she be served with all pleadings and orders in this case.

Respectfully submitted,

**/s/ Janine McKinnon McAdory**
**JANINE MCKINNON MCADORY (MCK069)**
WETTERMARK KEITH, LLC
Attorney for Plaintiff
3595 Grandview Parkway, Suite 350
Birmingham, Alabama 35243
Telephone: (205) 933-9500
Facsimile: (205) 977-7866
Direct Dial: (205) 212-3343
Email: jmcadory@wkfirm.com



AlaFile E-Notice

17-CV-2019-900056.00

To:   Janine McKinnon McAdory
      jmcadory@wkfirm.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLAY COUNTY, ALABAMA

THOMAS E. VINSON ET AL V. ACADEMY LTD ET AL
17-CV-2019-900056.00

The following NOTICE OF APPEARANCE was FILED on 12/10/2019 10:06:17 AM

Notice Date:      12/10/2019 10:06:17 AM

JULIE G. POE
CIRCUIT COURT CLERK
CLAY COUNTY, ALABAMA
PO BOX 816
ASHLAND, AL, 36251

256-354-7926
Julie.Poe@alacourt.gov



AlaFile E-Notice

17-CV-2019-900056.00

To:   ACADEMY LTD (PRO SE)
      C/O CT  CORPORATION SYSTM
      2 N. JACKSON STREET #605
      MONTGOMERY, AL, 36104-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLAY COUNTY, ALABAMA

THOMAS E. VINSON ET AL V. ACADEMY LTD ET AL
17-CV-2019-900056.00

The following NOTICE OF APPEARANCE was FILED on 12/10/2019 10:06:17 AM

Notice Date:      12/10/2019 10:06:17 AM

JULIE G. POE
CIRCUIT COURT CLERK
CLAY COUNTY, ALABAMA
PO BOX 816
ASHLAND, AL, 36251

256-354-7926
Julie.Poe@alacourt.gov



AlaFile E-Notice

17-CV-2019-900056.00

To:   EXTREME PRODUCTS GROUP, LLC (PRO SE)
      C/O CORP SERVICES COMPANY
      2711 CENTERVILLE ROAD
      WILMINGTON, DE, 19808-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLAY COUNTY, ALABAMA

THOMAS E. VINSON ET AL V. ACADEMY LTD ET AL
17-CV-2019-900056.00

The following NOTICE OF APPEARANCE was FILED on 12/10/2019 10:06:17 AM

Notice Date:     12/10/2019 10:06:17 AM

JULIE G. POE
CIRCUIT COURT CLERK
CLAY COUNTY, ALABAMA
PO BOX 816
ASHLAND, AL, 36251

256-354-7926
Julie.Poe@alacourt.gov



AlaFile E-Notice

17-CV-2019-900056.00

To:  KOHLBERG KRAVIS ROBERTS & CO (PRO SE)
9 WEST 57TH STREET
SUITE 4200
NEW YORK, NY, 10019-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLAY COUNTY, ALABAMA

THOMAS E. VINSON ET AL V. ACADEMY LTD ET AL
17-CV-2019-900056.00

The following NOTICE OF APPEARANCE was FILED on 12/10/2019 10:06:17 AM

Notice Date:     12/10/2019 10:06:17 AM

JULIE G. POE
CIRCUIT COURT CLERK
CLAY COUNTY, ALABAMA
PO BOX 816
ASHLAND, AL, 36251

256-354-7926
Julie.Poe@alacourt.gov



AlaFile E-Notice

17-CV-2019-900056.00

To:  WRIGHT RICHARD ALLEN
     rwright@wkfirm.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLAY COUNTY, ALABAMA

THOMAS E. VINSON ET AL V. ACADEMY LTD ET AL
17-CV-2019-900056.00

The following NOTICE OF APPEARANCE was FILED on 12/10/2019 10:06:17 AM

Notice Date:     12/10/2019 10:06:17 AM

JULIE G. POE
CIRCUIT COURT CLERK
CLAY COUNTY, ALABAMA
PO BOX 816
ASHLAND, AL, 36251

256-354-7926
Julie.Poe@alacourt.gov

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Kohlberg Kravis Roberts & Co
9 West 57th Street
Suite 4200
New York, NY 10019

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

9590 9402 4787 8344 5191 49

2. Article Number (Transfer from service label)

7018 3090 0001 7097 0525

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____    ☐ Agent
                            ☐ Addressee

B. Received by (Printed Name)      C. Date of Delivery

David Hernandez

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
  Mail Restricted Delivery
  0)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053                Domestic Return Receipt

**USPS TRACKING#**

9590 9402 4787 8344 5191 49

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States
Postal Service**

* Sender: Please print your name, address, and ZIP+4® in this box*

*Clay County Circuit Clerk*
*P.O. Box 816*
*Ashland, Al 36951*

FILED

DISTRICT/CIRCUIT CT

DEC 16 2019

CLAY COUNTY, AL

CV 2019-900056

## SENDER: *COMPLETE THIS SECTION*

- ■ Complete Items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

*Academy LTD-% CT Corporation System*
*% CT Jackson Street #605*
*Montgomery, AL 36104*

9590 9402 4787 8344 5191 63

2. Article Number *(Transfer from service label)*

7018 3090 0001 7097 0549

## COMPLETE THIS SECTION ON DELIVERY

A. Signature

X *Jennifer Lockewood*    ☐ Agent
☐ Addressee

B. Received by *(Printed Name)*   | C. Date of Delivery

DEC 1 0 2019

D. Is delivery address different from Item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   ($500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

**USPS TRACKING #**



9590 9402 4787 8344 5191 63

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States
Postal Service

DEC 16 2019

DISTRICT

CLAY COUNTY

• Sender: Please print your name, address, and ZIP+4® in this box•

Clay County Circuit Clerk
P.O. Box 816
Ashland, Al 36251

JULIE G. POE
CIRCUIT CLERK & REGISTER
CLAY COUNTY
P.O. BOX 816
ASHLAND, ALABAMA 36251

CERTIFIED MAIL

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

7018 3090 0001 7097 0532

Extreme Products Group LLC
C/o Cap Services Company
3411 Centerville Road
Wilmington, DE 19808

-R-T-S-

19808 CLAY COUNTY, AL 01/15/20

RETURN TO SENDER
UNABLE TO FORWARD
UNABLE TO FORWARD
RETURN TO SENDER

FILED
DISTRICT/CIRCUIT CT

JAN 27 2020

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>17-CV-2019-900056.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF CLAY COUNTY, ALABAMA
### THOMAS E. VINSON ET AL V. ACADEMY LTD ET AL

**NOTICE TO:** EXTREME PRODUCTS GROUP, LLC, C/O CORP SERVICES COMPANY 2711 CENTERVILLE ROAD, WILMINGTON, DE 19808

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), RICHARD ALLEN WRIGHT

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 2131 MAGNOLIA AVE STE 200, BIRMINGHAM, AL 35205

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of THOMAS E. VINSON

*(Name(s))*

pursuant to the Alabama Rules of the Civil Procedure.

| 12/04/2019 | /s/ JULIE G. POE | By:  |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.          /s/ RICHARD ALLEN WRIGHT

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*          *(Name of County)*

Alabama on _____.

*(Date)*

| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
|---|---|---|
| | *(Server's Printed Name)* | *(Phone Number of Server)* |

**17-CV-2019-900056.00**
THOMAS E. VINSON ET AL V. ACADEMY LTD ET AL

| C001 - THOMAS E. VINSON | v. | D002 - EXTREME PRODUCTS GROUP, LLC |
|---|---|---|
| *(Plaintiff)* | | *(Defendant)* |

**SERVICE RETURN COPY**

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>17-CV-2019-900056.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF CLAY COUNTY, ALABAMA
### THOMAS E. VINSON ET AL V. ACADEMY LTD ET AL

**NOTICE TO:** EXTREME PRODUCTS GROUP, LLC, C/O CORP SERVICES COMPANY 2711 CENTERVILLE ROAD, WILMINGTON, DE 19808

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), RICHARD ALLEN WRIGHT

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 2131 MAGNOLIA AVE STE 200, BIRMINGHAM, AL 35205

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

[ ] You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

[✓] Service by certified mail of this Summons is initiated upon the written request of THOMAS E. VINSON

*(Name(s))*

pursuant to the Alabama Rules of the Civil Procedure.

| 12/04/2019 | /s/ JULIE G. POE | By _J. Harris_ |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

[✓] Certified Mail is hereby requested.  /s/ RICHARD ALLEN WRIGHT

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

[ ] Return receipt of certified mail received in this office on _____

*(Date)*

[ ] I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

in _____ County,

*(Name of Person Served)*          *(Name of County)*

Alabama on _____

*(Date)*

_____          _____
*(Type of Process Server)*          *(Server's Signature)*

*(Address of Server)*

_____
*(Server's Printed Name)*

*(Phone Number of Server)*

ELECTRONICALLY FILED
12/4/2019 3:36 PM
17-CV-2019-900056.00
CIRCUIT COURT OF
CLAY COUNTY, ALABAMA
JULIE G. POE, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case: 17<br><br>Date of Filing:<br>12/04/2019 | Judge Code: |

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF CLAY COUNTY, ALABAMA
### THOMAS E. VINSON ET AL v. ACADEMY LTD ET AL

**First Plaintiff:** ☐ Business ☑ Individual ☐ Government ☐ Other

**First Defendant:** ☑ Business ☐ Individual ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☑ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ INITIAL FILING     A ☐ APPEAL FROM DISTRICT COURT     O ☐ OTHER

R ☐ REMANDED     T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO     Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

WRI055     12/4/2019 3:36:11 PM     /s/ RICHARD ALLEN WRIGHT

Date     Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** ☐ YES ☑ NO ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:** ☐ YES ☐ NO

ELECTRONICALLY FILED
12/4/2019 3:36 PM
17-CV-2019-900056.00
CIRCUIT COURT OF
CLAY COUNTY, ALABAMA
JULIE G. POE, CLERK

## IN THE CIRCUIT COURT OF CLAY COUNTY, ALABAMA

| | |
|---|---|
| **THOMAS E. VINSON and MATTHEW VINSON,**<br><br>     **Plaintiffs,**<br><br>**vs.**<br><br>**EXTREME PRODUCTS GROUP, LLC,** a foreign company;<br>**ACADEMY LTD.** doing business as **ACADEMY SPORTS & OUTDOORS,** a foreign company;<br>**KOHLBERG KRAVIS ROBERTS & COMPANY, INC.** a/k/a **KKR & CO. INC.,** a foreign corporation;<br>**FICTITIOUS DEFENDANTS 1-25,** individuals and/or entities who or which had any role in the decisions and/or actions related to ordering, stocking, and/or displaying store merchandise, including the specific product made the basis of this Complaint, at the Academy Sports & Outdoors previously located at 310 Doug Baker Blvd. in Birmingham, Alabama; and<br>**FICTITIOUS DEFENDANTS 26-50,** individuals and/or entities who or which had any role in the design, manufacture, testing, advertising and/or distribution of the specific product made the basis of this Complaint;<br><br>     **Defendants.** | **CIVIL ACTION NO. _____**<br><br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

## COMPLAINT

COME NOW, **THOMAS E. VINSON** and **MATTHEW VINSON,** by and through the undersigned counsel, and bring forth this civil Complaint for damages:

## INTRODUCTION

Inversion tables are devices promoted to allegedly reduce back and muscle pain by relieving pressure on the user's spine. The user, while standing with his back against the table-

like surface, secures his feet at one end of the table by adjusting the foot-locking mechanism located at his ankles. The table has a pivoting mechanism which then allows the user to invert his body into an upside-down, nearly vertical, position.

Despite increasing demand for inversion tables for temporary back pain relief, no adequate government regulations for inversion equipment have been created that mandate essential manufacturing standards. With no regulations, manufacturers can build inversion tables with inferior materials and cost-cutting techniques.

Defects in the design of inversion tables are well-known within the industry. Indeed, inversion tables with similar or identical foot-locking mechanisms have failed and been subject to voluntary recalls by distributors as well as mandatory recalls by the Consumer Product Safety Commission.

Plaintiffs bring this case against Defendants for damages associated with the use of a Body Vision IT9825 Inversion Table which was designed, manufactured, marketed, sold and distributed by Defendants. Specifically, Plaintiff **THOMAS E. VINSON** suffered various injuries, including but not limited to, physical pain and suffering and medical, hospital and surgical expenses as a direct result of a defect in the foot-locking mechanism of the Body Vision IT9825 Inversion Table.

**PARTIES**

1.     Plaintiff **THOMAS E. VINSON** is a resident of Phillipsburg, New Jersey.

2.     Plaintiff **MATTHEW VINSON** is the son of THOMAS E. VINSON and a resident of Ashland, Clay County, Alabama.

3.     Defendant **EXTREME PRODUCTS GROUP, LLC** ("Extreme Products") is formed under the laws of the state of Delaware with its principal place of business in Phoenix, Arizona. Extreme Products is a sporting goods manufacturer and designer which markets and

Page **2** of **19**

distributes its products under the brand "Elite Fitness" and is the manufacturer of the Body Vision Inversion Table. Extreme Products markets, sells, and distributes fitness and related equipment throughout the United Stated, including Alabama.

4.     Defendant **ACADEMY LTD. d/b/a ACADEMY SPORTS & OUTDOORS** ("Academy Sports") is formed under the laws of the state of Texas with its principal place of business in Katy, Texas. Academy Sports, a sporting goods retailer authorized to do business in and profiting from business in the State of Alabama, marketed and sold the defective Body Vision Inversion Table at issue in this lawsuit.

5.     **KOHLBERG KRAVIS ROBERTS & CO.** a/k/a **KKR & CO. INC.** ("KKR") is an investment firm formed under the laws of the state of Delaware with its principal place of business in New York, New York. KKR is the parent company of Academy Sports.

6.     **FICTITIOUS DEFENDANTS 1-25** are individuals and/or entities doing business in the State of Alabama, and at all times relevant to the allegations of the instant Complaint, were doing business and/or involved in the decisions and/or actions related to ordering, stocking, and/or displaying store merchandise, including the specific product made the basis of this Complaint, at the Academy Sports & Outdoors previously located at 310 Doug Baker Blvd. in Birmingham, Alabama. Each of said defendants is hereinafter collectively referred to as "Defendants."

7.     **FICTITIOUS DEFENDANTS 26-50** are individuals and/or entities doing business in the State of Alabama, and at all times relevant to the allegations of the instant Complaint, had a role in, or were responsible for, the design, manufacture, testing, advertising and/or distribution of the specific product made the basis of this Complaint.

## JURISDICTION AND VENUE

8.      Plaintiff Matthew Vinson is a resident and citizen of Ashland, Clay County, Alabama

9.      Plaintiff Thomas E. Vinson was injured while using the Body Inversion Table manufactured by Extreme Products and sold by Academy Sports previously located at 310 Doug Baker Blvd. in Birmingham, Alabama.  Plaintiff's injuries occurred at his son's residence in Ashland, Clay County, Alabama.

10.     At all times relevant to this action, Defendants, and each of them, engaged, either directly or indirectly, in the business of designing, manufacturing, testing, advertising, distributing, ordering, stocking, and/or displaying the inversion table at issue and permitting or causing the inversion table at issue to be delivered to, and used by, Plaintiffs. Defendants knew, and intended for, their product to reach Plaintiffs in Clay County, Alabama.

11.     Jurisdiction is proper in the Circuit Court of Clay County, Alabama because a substantial part of the events or omissions giving rise to this suit occurred in Clay County, Alabama and Defendants committed torts in whole or in part against Plaintiff in Clay County, Alabama.

## FACTUAL ALLEGATIONS

12.     In January 2019, Plaintiff Matthew Vinson purchased an Extreme Products "Body Vision IT9825 Premium Inversion Table" (hereinafter, the "IT9825") from Academy Sports previously located at 310 Doug Baker Blvd. in Birmingham, Alabama.

13.     On its website, www.extremeproductsgroup.com, Extreme Products describes the IT9825 as follows:

The Body Vision IT 9825 has **support** for maximum comfort. Unlike other inversion tables made out of plastic, or thin padding, this model incorporates thick **comfortable** structured foam, and a durable cover to ensure ultimate comfort. Be on your way to a better back with the Body Vision IT 9825 Inversion Table.

- Removable head pillow
- Soft foam backrest
- Easy grip foam handlebars
- Adjustable and removable lumbar pad
- Frame safety locking pin
- 4 position 20, 40, 60, and 90 degree inversion selector pin
- Sturdy steel tube frame
- Inversion height adjust from 5'1" and 6'6"
- Rolling wheels
- Comfortable foam ankle rollers
- 30 minutes or less assembly
- 250lb weight capacity
- Folds for easy storage

Our Inversion Tables are designed to **relieve back pressure**, elongate the spine, **increase blood circulation**, reduce negative effects of gravity, promote stretching, improve posture, **relieve muscle aches**, and relieve stress.

14.    The IT9825 purchased by Matthew Vinson cost approximately $120.00 before taxes.

15.    As indicated by the owner's manual, the leg-hold tube, part of the foot-locking mechanism on the IT9825, contained a spring pre-assembled inside the tube from the factory.

16.    On or about February 1, 2019, while visiting his son in Ashland, Alabama, Plaintiff Thomas E. Vinson attempted to use the IT9825 purchased by his son.

17.    While in the inverted position hanging upside-down, the foot-locking mechanism on the IT9825 unexpectedly released causing Thomas E. Vinson to fall straight down onto his head with hyperflexion of his neck.

18.     Thomas E. Vinson was unaware of the defective design and the danger to him posed by the defective design.

19.     Thomas E. Vinson was taken by ambulance to the emergency room due to neck pain, weakness and paralysis of the upper and lower extremities.

20.     Emergency physicians diagnosed Thomas E. Vinson with a spinal cord injury, and CT scans of the cervical spine revealed a fracture of the spinous process at C6.

21.     On February 4, 2019, Thomas E. Vinson, who was age 70 at the time, underwent a C6-C7 anterior cervical diskectomy and fusion ("ACDF").

22.     Following his discharge from the hospital, Plaintiff Thomas E. Vinson endured weeks of physical and occupational therapy.

23.     To date, Thomas E Vinson has recovered only a very small amount of movement in his arms and legs, with little fine motor control, minimal ability to move with any significant range of motion, and minimal ability to grip with his hands.

24.     Thomas E. Vinson will require lifelong medical and related care, services, equipment, and supplies as a result of his spinal injury.

25.     Thomas E. Vinson has suffered and will continue to suffer pain and suffering, medical costs, income loss and earning capacity losses as a result of his spinal injury.

## COUNT I
## ALABAMA EXTENDED MANUFACTURER'S LIABILITY DOCTRINE
## ALABAMA CODE § 6-8-501 *et seq.*

26.     Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

27.     Defendants are strictly liable to Plaintiff Thomas E. Vinson under Ala. Code § 6-5-501 *et seq.* ("AEMLD").

28.     Defendants have engaged in the business of designing, researching, manufacturing, marketing, supplying, promoting, packaging, selling, testing and/or distributing the IT9825. Through their conduct, Defendants knowingly and intentionally placed the IT9825 into the stream of commerce with full knowledge that it reaches consumers, such as Plaintiffs, who utilize it in its intended manner.

29.     Defendants researched, developed, designed, tested, manufactured, inspected, labeled, distributed, marketed, promoted, sold and otherwise released the IT9825 into the stream of commerce. Defendants directly advertised, marketed, and promoted the IT9825 to Plaintiffs and other consumers, and therefore had a duty to warn of the risks associated with the use of the IT9825.

30.     Defendants expected the IT9825 to reach, and it did in fact reach, consumers, including Plaintiffs, without any substantial change in the condition of the product from when it was initially distributed by Defendants.

31.     The IT9825, as manufactured and/or supplied by Defendants, was defective due to inadequate warnings or instructions, Defendants knew or should have known that the product created significant risks of serious bodily harm to consumers, as alleged herein, and they failed to adequately warn consumers of such risks.

32.     The IT9825 was defective and unsafe such that it was unreasonably dangerous when it left the Defendants' possession and/or control, was distributed by Defendants, and utilized by Plaintiffs. The IT9825 contained warnings insufficient to alert consumers, including Plaintiffs, to the dangerous risks associated with use of the IT9825, including falling while inverted as Plaintiff Thomas E. Vinson did.

33.     This defect caused serious injury to Plaintiff Thomas E. Vinson, who used the IT9825 for its intended purpose and in a reasonably anticipated manner.

34.     At all times herein mentioned, Defendants had a duty to properly test, develop, design, manufacture, inspect, package, label, market, promote, sell, distribute, supply, warn and take such other steps as necessary to ensure the IT9825 did not cause users to suffer from unreasonable and dangerous risks.

35.     Defendants negligently and recklessly labeled, distributed and promoted the IT9825.

36.     Defendants had a continuing duty to warn Plaintiff of the dangers associated with the IT9825.

37.     Defendants, as manufacturers, sellers, or distributors of sporting goods and related products, are held to the knowledge of an expert in the field.

38.     Plaintiffs could not have discovered any defects in the IT9825 through the exercise of reasonable care and relied upon the skill, superior knowledge and judgment of Defendants.

39.     Defendants were aware of the probable consequences of the aforesaid conduct. Despite the fact that Defendants knew or should have known that the IT9825 could cause serious injuries, they failed to exercise reasonable care to warn of the severity of the dangerous risks associated with its use. The dangerous propensities of the IT9825, as referenced above, were known to the Defendants, or knowable to them, through appropriate research and testing by known methods, at the time they distributed, supplied or sold the product. Such information was not known to ordinary consumers who would be expected to purchase the IT9825 for personal use.

40.     The IT9825, as manufactured and/or supplied by Defendants, was unreasonably dangerous when used by consumers, including Plaintiffs, in a reasonably intended manner without knowledge of this risk of serious bodily harm.

41.     Each of the Defendants knew or should have known that the limited warnings disseminated with the IT9825 were inadequate, but they failed to communicate adequate information on the dangers of their product and information on the safe use of their product, taking into account the characteristics of and the ordinary knowledge common to ordinary consumers who would be expected to purchase the IT9825 for personal use.

42.     In particular, Defendants failed to communicate warnings and instructions to ordinary consumers that were appropriate and adequate to render the product safe for its ordinary, intended, and reasonably foreseeable uses, including the common, foreseeable, and intended use of the product by consumers, including Plaintiffs.

43.     To this day, Defendants have failed to adequately and accurately warn of the true risks of injuries associated with the use of the IT9825.

44.     Due to these deficiencies and inadequacies, the IT9825 was unreasonably dangerous and defective as manufactured, distributed, promoted, advertised, sold, labeled and marketed by the Defendants.

45.     Had Defendants properly disclosed and disseminated the risks associated with the IT9825, Plaintiff Thomas E. Vinson would have avoided the risk of sustaining injuries as alleged herein.

46.     The Defendants are liable to Plaintiff Thomas E. Vinson for injuries caused by their negligent or willful failure to provide adequate warnings or other clinically relevant

information and data regarding the appropriate use of the IT9825 and the risks associated with its use.

47.     As a foreseeable, direct, and proximate consequence of Defendants' actions, omissions, and misrepresentations, **Plaintiff Thomas E. Vinson suffered a spinal cord injury and fracture of the cervical spine, which caused partial quadriplegia, decreased coordination and balance, occupational disruption and other related health complications.** In addition, Plaintiff Thomas E. Vinson requires, and will continue to require, healthcare and services. Plaintiff Thomas E. Vinson has incurred and will continue to incur medical and related expenses. Plaintiff Thomas E. Vinson also has suffered and will continue to suffer diminished capacity for the enjoyment of life, a diminished quality of life, increased risk of premature death, aggravation of preexisting conditions, activation of latent conditions, and other losses and damages. Plaintiff Thomas E. Vinson has incurred and will continue to incur mental and physical pain and suffering.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants, individually, jointly, and severally, and request compensatory and punitive damages, together with interest, costs herein incurred, attorneys' fees, and all such other and further relief as this Court deems just and proper.  Plaintiffs also demand that the issues contained herein be tried by a jury.

## COUNT II
## DESIGN DEFECT

48.     Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

49.     Defendants placed the IT9825 into the stream of commerce while it was defective and unreasonably dangerous.

50.     The IT9825 had a design defect in that it failed to perform as safely as an ordinary user would expect when used in a manner reasonably foreseeable to the manufacturer.

51.     The IT9825 was flawed in its design in that it failed to secure the user's feet. Specifically, the IT9825 failed to properly secure Plaintiff Thomas E. Vinson's feet during the foreseeable and intended use by Thomas E. Vinson.

52.     The IT9825 was flawed in its design in that it failed to apprise the user that the foot-locking mechanism was, or was not, fully engaged.

53.     The IT9825 was flawed in its design in that it failed to utilize a foot-locking mechanism which would affirmatively and effectively engage the user's ankles and feet in place.

54.     At the time the IT9825 was designed, safer alternative designs existed which were both technically and economically feasible, and which would have eliminated and/or mitigated the risk of the aforementioned foot release and fall.

55.     The IT9825 reached Plaintiffs without substantial change to its condition and was in that same condition at the time of Plaintiff Thomas E. Vinson's injury.

56.     The design defect was a direct and proximate cause of the damages, harms and losses alleged in the instant action.

57.     As a foreseeable, direct, and proximate consequence of Defendants' actions, omissions, and misrepresentations, **Plaintiff Thomas E. Vinson suffered a spinal cord injury and fracture of the cervical spine, which caused partial quadriplegia, decreased coordination and balance, occupational disruption and other related health complications.** In addition, Plaintiff Thomas E. Vinson requires and will continue to require healthcare and

services. Plaintiff Thomas E. Vinson has incurred and will continue to incur medical and related expenses. Plaintiff Thomas E. Vinson also has suffered and will continue to suffer diminished capacity for the enjoyment of life, a diminished quality of life, increased risk of premature death, aggravation of preexisting conditions, activation of latent conditions, and other losses and damages. Plaintiff Thomas E. Vinson has incurred and will continue to incur mental and physical pain and suffering.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants, individually, jointly, and severally, and request compensatory and punitive damages, together with interest, costs herein incurred, attorneys' fees, and all such other and further relief as this Court deems just and proper. Plaintiffs also demand that the issues contained herein be tried by a jury.

## COUNT III
## MANUFACTURING DEFECT

58.     Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

59.     The IT9825 was designed, manufactured, marketed, promoted, sold and introduced into the stream of commerce by Defendants.

60.     When it left the control of Defendants, the IT9825 was expected to, and did reach Plaintiff without substantial change from the condition in which it left Defendants' control.

61.     The IT9825 was defective when it left Defendants' control and was placed in the stream of commerce, in that there were foreseeable risks that exceeded the benefits of the product and/or that it deviated from the product specifications and/or applicable requirements, and posed a risk of serious injury and death.

62.     Plaintiffs used the IT9825 in substantially the same condition it was in when it left the control of Defendants and any changes or modifications were foreseeable by Defendants.

63.     Plaintiffs did not misuse or materially alter the IT9825 at issue.

64.     Defendants' conduct, as described above, was reckless. Defendants risked the lives and health of consumers and users of the IT9825, including Plaintiffs, with knowledge of the safety problems associated with the IT9825, and suppressed this knowledge from the general public. Defendants made conscious decisions not to redesign, adequately warn, or inform the unsuspecting public. Defendants' reckless conduct warrants an award of punitive damages.

65.     As a foreseeable, direct, and proximate consequence of Defendants' actions, omissions, and misrepresentations, **Plaintiff Thomas E. Vinson suffered a spinal cord injury and fracture of the cervical spine, which caused partial quadriplegia, decreased coordination and balance, occupational disruption and other related health complications.** In addition, Plaintiff Thomas E. Vinson requires and will continue to require healthcare and services. Plaintiff Thomas E. Vinson has incurred and will continue to incur medical and related expenses. Plaintiff Thomas E. Vinson also has suffered and will continue to suffer diminished capacity for the enjoyment of life, a diminished quality of life, increased risk of premature death, aggravation of preexisting conditions, activation of latent conditions, and other losses and damages. Plaintiff Thomas E. Vinson has incurred and will continue to incur mental and physical pain and suffering.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants, individually, jointly, and severally, and request compensatory and punitive damages, together with interest, costs herein incurred, attorneys' fees, and all such other and further relief

as this Court deems just and proper. Plaintiffs also demand that the issues contained herein be tried by a jury.

## COUNT IV
## FAILURE TO WARN

66.     Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

67.     Defendants placed the IT9825 into the stream of commerce in an unreasonably dangerous condition.

68.     Defendants failed to include a specific warning that persons using the table could be caused to suffer injury due to a defective foot-locking mechanism.

69.     As a foreseeable, direct, and proximate consequence of Defendants' actions, omissions, and misrepresentations, **Plaintiff Thomas E. Vinson suffered a spinal cord injury and fracture of the cervical spine, which caused partial quadriplegia, decreased coordination and balance, occupational disruption and other related health complications.** In addition, Plaintiff Thomas E. Vinson requires and will continue to require healthcare and services. Plaintiff Thomas E. Vinson has incurred and will continue to incur medical and related expenses. Plaintiff Thomas E. Vinson also has suffered and will continue to suffer diminished capacity for the enjoyment of life, a diminished quality of life, increased risk of premature death, aggravation of preexisting conditions, activation of latent conditions, and other losses and damages. Plaintiff Thomas E. Vinson has incurred and will continue to incur mental and physical pain and suffering.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants, individually, jointly, and severally, and request compensatory and punitive damages, together with interest, costs herein incurred, attorneys' fees, and all such other and further relief

as this Court deems just and proper. Plaintiffs also demand that the issues contained herein be tried by a jury.

## COUNT V
## NEGLIGENCE AND/OR WANTONNESS

70.     Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

71.     At all times relevant to this action, Defendants had a duty to exercise reasonable care and to comply with the existing standards of care in their preparation, design, research, development, manufacture, inspection, labeling, marketing, promoting, and selling of the IT9825, which Defendants introduced into the stream of commerce, including a duty to ensure that users would not suffer from unreasonable, dangerous, or adverse side effects posed by the IT9825.

72.     At all times relevant to this action, Defendants knew or, in the exercise of reasonable care, should have known that the IT9825 was unreasonably dangerous and defective when used as directed and as designed.

73.     At all times relevant to this action, Defendants failed to exercise reasonable care in the designing, manufacturing, marketing, promoting, and/or selling of a dangerous and defectively designed and/or manufactured product which put users at a substantial and unnecessary risk of harm.

74.     The negligence of Defendants, their agents, servants, and/or employees, included, but was not limited, to the following acts and/or omissions:

   a) Negligently designing the IT9825 in a manner which was dangerous to consumers, including Plaintiff Thomas E. Vinson;

   b) Designing, manufacturing, producing, creating and/or promoting the IT9825 without adequately, sufficiently, and/or thoroughly testing it;

c) Failing to adequately and correctly warn Plaintiffs and ordinary consumers of the dangers of the IT9825;

d) Failing to recall their dangerous and defective IT9825 at the earliest date that it became known that the device was, in fact, dangerous and defective;

e) Advertising and/or marketing the use of the IT9825 despite the fact that Defendants knew or should have known of its defects;

f) Representing that the IT9825 was safe for its intended purpose when, in fact, it was unsafe;

g) Designing the IT9825 in a manner which posed a significant risk of harm to consumers, including Plaintiff Thomas E. Vinson;

h) Manufacturing the IT9825 in a manner which posed a significant risk of harm to consumers, including Plaintiff Thomas E. Vinson; and

i) Failing to report, under-reporting, underestimating, and/or downplaying the serious danger of the IT9825.

75.    The injuries and damages suffered by Plaintiff Thomas E. Vinson were the reasonably foreseeable results of Defendants' negligence.

76.    Defendants' negligence/wantonness was a direct and proximate cause of Plaintiffs' injuries, damages, harms and economic losses alleged in this case.

77.    As a foreseeable, direct, and proximate consequence of Defendants' actions, omissions, and misrepresentations, **Plaintiff Thomas E. Vinson suffered a spinal cord injury and fracture of the cervical spine, which caused partial quadriplegia, decreased coordination and balance, occupational disruption and other related health complications.** In addition, Plaintiff Thomas E. Vinson requires and will continue to require healthcare and services. Plaintiff Thomas E. Vinson has incurred and will continue to incur medical and related expenses. Plaintiff Thomas E. Vinson also has suffered and will continue to suffer diminished capacity for the enjoyment of life, a diminished quality of life, increased risk of premature death,

aggravation of preexisting conditions, activation of latent conditions, and other losses and damages. Plaintiff Thomas E. Vinson has incurred and will continue to incur mental and physical pain and suffering.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants, individually, jointly, and severally, and request compensatory and punitive damages, together with interest, costs herein incurred, attorneys' fees, and all such other and further relief as this Court deems just and proper. Plaintiffs also demand that the issues contained herein be tried by a jury.

## COUNT VI
## BREACH OF IMPLIED WARRANTY

78.    Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

79.    Defendants were in the business of marketing and selling the IT9825.

80.    At the time of sale, Defendants' conduct implied a warranty the IT9825 was reasonably fit for the ordinary purposes for which such products are used.

81.    At the time of sale, the IT9825 was not reasonably fit for the ordinary purposes for which such products are used.

82.    Because the product was not reasonably fit for its ordinary use, the product was defective and unreasonably dangerous.

83.    Defendants' breach of implied warranty was a direct and proximate cause of the damages, harms and losses alleged in this case.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants, individually, jointly, and severally, and request compensatory damages, together with interest, costs herein incurred, attorneys' fees, and all such other and further relief as this

Court deems just and proper. Plaintiffs also demands that the issues contained herein be tried by a jury.

## COUNT VII
## BREACH OF EXPRESS WARRANTY

84.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

85.     Defendant Extreme Products expressly warranted to Plaintiff Matthew Vinson, the following:

> Extreme Products Group warrants that this product will be free
> from defects in materials and workmanship for a period of ninety
> (90) days from the date of purchase. This warranty applies only to
> the original purchaser when purchase of the product is from an
> authorized retailer and is for personal or household use, but not
> when the sale is for commercial use. This warranty is not
> transferrable.

86.     Within ninety days of purchase of the IT9825 by Plaintiff Matthew Vinson, Plaintiffs discovered that the IT9825 was defective when the foot-locking mechanism failed causing Plaintiff Thomas E. Vinson to fall directly on his head.

87.     Extreme Products further expressly warranted to Plaintiffs, by and through its authorized agent or sales representative, Defendant Academy Sports, in publications, package inserts, the internet, and other communications intended for ordinary consumers that the IT9825 was safe, effective, fit and proper for its intended use.

88.     Plaintiffs relied on Defendants' representations regarding the quality and safety of the IT9825 and Defendants' representations became part of the basis of the bargain.

89.     As a direct and proximate result of the conduct of Defendant Extreme Products, Plaintiffs have suffered injuries, harm, damages and/or economic loss and will continue to suffer such harm, damages and economic loss in the future.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants, individually, jointly, and severally, and request compensatory damages, together with interest, costs herein incurred, attorneys' fees, and all such other and further relief as this Court deems just and proper. Plaintiffs also demand that the issues contained herein be tried by a jury.

Respectfully Submitted on this, the 4th day of December, 2019,

/s/ Richard A. Wright

Richard A. Wright (WRI055)
Janine McKinnon McAdory (MCK069)
WETTERMARK & KEITH, LLC
3595 Grandview Parkway, Suite 350
Birmingham, Alabama 35243
Phone: (205) 933-9500
Fax: (800) 309-0500
rwright@wkfirm.com
jmcadory@wkfirm.com

**PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL**

**ACADEMY LTD.**
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104

**EXTREME PRODUCTS GROUP, LLC**
c/o Corporation Services Company
2711 Centerville Road
Wilmington, Delaware 19808

**KOHLBERG KRAVIS ROBERTS & CO.**
9 West 57th Street, Suite 4200
New York, New York 10019



AlaFile E-Notice

17-CV-2019-900056.00

Judge: DAVID F. LAW

To:   WRIGHT RICHARD ALLEN
      rwright@wkfirm.com

# NOTICE OF NO SERVICE

IN THE CIRCUIT COURT OF CLAY COUNTY, ALABAMA

THOMAS E. VINSON ET AL V. ACADEMY LTD ET AL
17-CV-2019-900056.00

The following matter was not served on 1/27/2020

**D002 EXTREME PRODUCTS GROUP, LLC**

**Corresponding To**

UNDELIVERABLE

JULIE G. POE
CIRCUIT COURT CLERK
CLAY COUNTY, ALABAMA
PO BOX 816
ASHLAND, AL, 36251

256-354-7926
Julie.Poe@alacourt.gov



AlaFile E-Notice

17-CV-2019-900056.00

Judge: DAVID F. LAW

To:  MCADORY JANINE ALICIA MCK
     jmcadory@wkfirm.com

---

# NOTICE OF NO SERVICE

---

IN THE CIRCUIT COURT OF CLAY COUNTY, ALABAMA

THOMAS E. VINSON ET AL V. ACADEMY LTD ET AL
17-CV-2019-900056.00

The following matter was not served on 1/27/2020

**D002 EXTREME PRODUCTS GROUP, LLC**

**Corresponding To**

UNDELIVERABLE

JULIE G. POE
CIRCUIT COURT CLERK
CLAY COUNTY, ALABAMA
PO BOX 816
ASHLAND, AL, 36251

256-354-7926
Julie.Poe@alacourt.gov

ELECTRONICALLY FILED
9/3/2020 2:34 PM
17-CV-2019-900056.00
CIRCUIT COURT OF
CLAY COUNTY, ALABAMA
JULIE G. POE, CLERK

## IN THE CIRCUIT COURT OF CLAY COUNTY, ALABAMA

THOMAS E. VINSON and          )
MATTHEW VINSON,               )
                              )
    PLAINTIFFS,          )
vs.                           )
                              )          Case No.: 2019-900056
ACADEMY LTD., et al.          )
                              )
    DEFENDANTS.          )

## ANSWER TO COMPLAINT

COMES NOW, the Defendant styled as Academy, Ltd. ("Academy"), by and through the undersigned counsel, and for answer to the Plaintiffs' Complaint, states as follows:

## INTRODUCTION

Academy denies all allegations made in this section of the Complaint.

## PARTIES

1.    Academy has insufficient information to admit or deny the allegations in this paragraph.

2.    Academy has insufficient information to admit or deny the allegations in this paragraph.

3.    Academy has insufficient information to admit or deny the allegations in this paragraph.

4.    Academy admits that it formed under the laws of the state of Texas and that it does business in the State of Alabama. All allegations not herein admitted are denied.

5.    Academy has insufficient information to admit or deny the allegations in this paragraph.

6.      This paragraph contains allegations against Fictitious Defendants and does not require an answer from Academy.  To the extent this paragraph is interpreted to allege a claim against Academy, such allegation is denied.

7.      This paragraph contains allegations against Fictitious Defendants and does not require an answer from Academy.  To the extent this paragraph is interpreted to allege a claim against Academy, such allegation is denied.

## JURISDICTION AND VENUE

8.      Academy has insufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

9.      Academy has insufficient information to admit or deny the allegations of this paragraph and therefore denies the same.

10.     Denied.

11.     Denied.

## FACTUAL ALLEGATIONS

12.     Academy has insufficient information to admit or deny the allegations of this paragraph and therefore denies the same.

13.     Academy has insufficient information to admit or deny the allegations of this paragraph and therefore denies the same.

14.     Academy has insufficient information to admit or deny the allegations of this paragraph and therefore denies the same.

15.     Academy has insufficient information to admit or deny the allegations of this paragraph and therefore denies the same.

16.     Academy has insufficient information to admit or deny the allegations of this paragraph and therefore denies the same.

17.     Academy has insufficient information to admit or deny the allegations of this paragraph and therefore denies the same.

18.     Academy has insufficient information to admit or deny the allegations of this paragraph and therefore denies the same.

19.     Academy has insufficient information to admit or deny the allegations of this paragraph and therefore denies the same.

20.      Academy has insufficient information to admit or deny the allegations of this paragraph and therefore denies the same.

21.     Academy has insufficient information to admit or deny the allegations of this paragraph and therefore denies the same.

22.     Academy has insufficient information to admit or deny the allegations of this paragraph and therefore denies the same.

23.     Academy has insufficient information to admit or deny the allegations of this paragraph and therefore denies the same.

24.     Academy has insufficient information to admit or deny the allegations of this paragraph and therefore denies the same.

25.     Academy has insufficient information to admit or deny the allegations of this paragraph and therefore denies the same.

## COUNT I
## ALABAMA EXTENDED MANUFACTURER'S LIABILITY DOCTRINE
## ALABAMA CODE § 6-8-501

26.     Academy adopts and incorporates herein all responses to Plaintiffs' allegations.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Denied.

47.     Denied.

Plaintiffs are not entitled to the requested relief.

## COUNT II
## DESIGN DEFECT

48.     Academy adopts and incorporates herein all responses to Plaintiffs' allegations.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

Plaintiffs are not entitled to the requested relief.

## COUNT III
## MANUFACTURING DEFECT

58.     Academy adopts and incorporates herein all responses to Plaintiffs' allegations.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Denied.

Plaintiffs are not entitled to the requested relief.

## COUNT IV
## FAILURE TO WARN

66.     Academy adopts and incorporates herein all responses to Plaintiffs' allegations.

67.     Denied.

68.     Denied.

69.     Denied.

Plaintiffs are not entitled to the requested relief.

## COUNT V
## NEGLIGENCE AND/OR WANTONNESS

70.     Academy adopts and incorporates herein all responses to Plaintiffs' allegations.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Denied, including all subparts.

75.     Denied.

76.     Denied.

77.     Denied.

Plaintiffs are not entitled to the requested relief.

## COUNT VI
## BREACH OF IMPLIED WARRANTY

78.     Academy adopts and incorporates herein all responses to Plaintiffs' allegations.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Denied.

83.     Denied.

Plaintiffs are not entitled to the requested relief.

## COUNT VII
## BREACH OF EXPRESS WARRANTY

84.     Academy adopts and incorporates herein all responses to Plaintiffs' allegations.

85.     Denied.

86.     Denied.

87.     Denied.

88.     Denied.

89.     Denied.

Plaintiffs are not entitled to the requested relief.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The allegations of Plaintiffs' Complaint, and each cause of action stated therein, fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

Academy pleads lack of jurisdiction over the subject matter, lack of jurisdiction over the person, improper venue, insufficiency of process, and insufficiency of service of process.

### THIRD DEFENSE

Academy pleads the defenses of contributory negligence and assumption of the risk.

### FOURTH DEFENSE

Academy asserts the defense of efficient, intervening, or superseding cause.

## FIFTH DEFENSE

Academy asserts the affirmative defenses of learned intermediary doctrine and sophisticated user doctrine.

## SIXTH DEFENSE

Academy asserts the defenses of misuse and/or alteration and/or modification of the product made the basis of the Complaint.

## SEVENTH DEFENSE

Academy asserts that it is entitled to a set-off, credit, or recoupment of any recovery by the Plaintiffs or from any other person or entity, including, but not limited to, settlements or otherwise.

## EIGHTH DEFENSE

Academy asserts the affirmative defense of no causal relation in fact.

## NINTH DEFENSE

Academy asserts that the failure of Plaintiffs to properly use the product at issue pursuant to manufacturer's instructions and guidelines was an intervening proximate cause of the alleged condition and Plaintiffs' alleged damages, although such are not admitted.

## TENTH DEFENSE

Academy asserts that any product that may have been supplied by Academy was sold without defect, modification, change, or alteration of any kind.

## ELEVENTH DEFENSE

At the time of sale or delivery, the product conformed to state-of-the-art for such products.

## TWELFTH DEFENSE

Any and all claims against Academy are barred in whole or in part because the product at issue provided a benefit to users of such products and greatly outweighed any risk created by using such products, any risk could not have been avoided through the use of the highest standards of scientific and technical knowledge available at the time, the benefit provided to users could not be achieved in another manner with less risk, and adequate warnings concerning the risk were provided.

## THIRTEENTH DEFENSE

At all relevant times herein, the product in question was manufactured and distributed with proper warnings, information, cautions, and instructions in conformity with generally recognized and prevailing standards in existence at the time.

## FOURTEENTH DEFENSE

Plaintiffs' claims are or may be barred by the statutes of limitations, prescription, laches, and/or statues of repose, including but not limited to, all claims for personal injuries pursuant to Alabama law.

## FIFTEENTH DEFENSE

Academy denies that any action on its part was the proximate cause of the Plaintiffs' alleged injuries.

## SIXTEENTH DEFENSE

Academy exercised no control over, and had no legal right or duty to control, the manner in which the products sold or supplied reached the ultimate users thereof, or the use or manner of use, storage or handling of the product allegedly involved after purchase.

## SEVENTEENTH DEFENSE

The claims in the Complaint are barred by the express terms of the applicable contracts, warranty, or agreement and limitations provided therein.

## EIGHTEENTH DEFENSE

Some or all of the claims may be barred by the doctrines of accord and satisfaction, settlement, abandonment, discharge, consent, setoff, ratification, acquiescence, recoupment, payment, release, judicial estoppel, equitable estoppel, waiver and res judicata.

## NINETEENTH DEFENSE

Plaintiffs cannot recover for mental pain and suffering, emotional distress, or similar damages, if any, in that there is no fixed, objective and/or clear and consistent standard under Alabama law for ascertaining the amount thereof, such that any award of said damages against any defendant would violate the Fifth and Fourteenth Amendments to the *United States Constitution* and Article I, Section VI of the *Alabama Constitution*, which prohibit deprivation of life, liberty, or property, except by due process.

## TWENTIETH DEFENSE

With regard to punitive damages, Academy pleads the following punitive damages defenses:

1.     Plaintiffs' claim of punitive damages violates the Fourth, Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United States, and Article I Section 6 of the Constitution of Alabama, on the following grounds:

a.     It is in violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against civil defendants upon the plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b.     The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for

different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

c.    The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendants, which thereby violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

d.    The procedures pursuant to which punitive damages are awarded fail to provide specific standards, or provides vague or insufficient standards, for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

e.    The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

f.    The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

g.    The procedures pursuant to which punitive damages are awarded fail to require that an award of punitive damages be proportioned, or bear a reasonable relationship, to the actual harm incurred.

h.    The procedures pursuant to which punitive damages are awarded fail to provide mitigating factors for the jury's consideration in awarding punitive damages.

2.    Plaintiffs' claim of punitive damages violates the Due Process Clause of Article I, Section 6 of the Constitution of Alabama on the following grounds:

a.    It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon civil defendants upon the plaintiff's satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b.    The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the defendants;

11

c.     The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

d.     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and

e.     The award of the punitive damages in this case constitutes a deprivation of property without due process of law.

3.     Plaintiff's attempt to impose punitive or extracontractual damages on these defendants, on the basis of vicarious liability for the conduct by others, violates the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution and Article I, Section 6 of the Alabama Constitution.

4.     The award of punitive damages to the plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 6 of the Alabama Constitution.

5.     The award of punitive damages against the defendants in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

6.     The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the amount established by the legislature under Ala. Code Section 27-1-17 (1975), in violation of the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution and Article I, Section, 6, of the Alabama Constitution.

## **TWENTY-FIRST DEFENSE**

Academy pleads the innocent seller defense.

## **TWENTY-SECOND DEFENSE**

Academy pleads all available defenses found in Alabama Code § 6-5-521.

## **TWENTY-THIRD DEFENSE**

Academy reserves the right to amend its answer as future discovery may dictate.


*/s/ John E. Rollins*
J. BURRUSS RIIS (RII002)
JOHN E. ROLLINS (ROL009)
Attorneys for Defendant Academy, Ltd.

**OF COUNSEL:**

HAND ARENDALL HARRISON SALE LLC
Post Office Box 123
Mobile, Alabama 36601
(251) 694-6337 (Telephone)
(251) 544-1634 (Facsimile)
E-mail:briis@handfirm.com


**OF COUNSEL:**

HAND ARENDALL HARRISON SALE LLC
1801 5th Avenue North
Suite 400
Birmingham, AL  35203
(205) 324-4400 (Telephone)
(205) 322-1163 (Facsimile)
E-mail:jrollins@handfirm.com


## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 3, 2020, the foregoing was electronically filed with the Clerk of this Court using the Court's electronic system, which will send notification of such filing to the following and/or that the following was served upon the following via U.S. mail, postage prepaid:


*/s/ John E. Rollins*
OF COUNSEL



AlaFile E-Notice

17-CV-2019-900056.00

To:   JOHN EMORY ROLLINS
      jrollins@handfirm.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLAY COUNTY, ALABAMA

THOMAS E. VINSON ET AL V. ACADEMY LTD ET AL
17-CV-2019-900056.00

The following answer was FILED on 2/3/2020 2:34:53 PM

Notice Date:      2/3/2020 2:34:53 PM

JULIE G. POE
CIRCUIT COURT CLERK
CLAY COUNTY, ALABAMA
PO BOX 816
ASHLAND, AL, 36251

256-354-7926
Julie.Poe@alacourt.gov



AlaFile E-Notice

17-CV-2019-900056.00

To: ACADEMY LTD (PRO SE)
C/O CT CORPORATION SYSTM
2 N. JACKSON STREET #605
MONTGOMERY, AL, 36104-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLAY COUNTY, ALABAMA

THOMAS E. VINSON ET AL V. ACADEMY LTD ET AL
17-CV-2019-900056.00

The following answer was FILED on 2/3/2020 2:34:53 PM

Notice Date: 2/3/2020 2:34:53 PM

JULIE G. POE
CIRCUIT COURT CLERK
CLAY COUNTY, ALABAMA
PO BOX 816
ASHLAND, AL, 36251

256-354-7926
Julie.Poe@alacourt.gov



AlaFile E-Notice

17-CV-2019-900056.00

To:   EXTREME PRODUCTS GROUP, LLC (PRO SE)
C/O CORP SERVICES COMPANY
2711 CENTERVILLE ROAD
WILMINGTON, DE, 19808-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLAY COUNTY, ALABAMA

THOMAS E. VINSON ET AL V. ACADEMY LTD ET AL
17-CV-2019-900056.00

The following answer was FILED on 2/3/2020 2:34:53 PM

Notice Date:     2/3/2020 2:34:53 PM

JULIE G. POE
CIRCUIT COURT CLERK
CLAY COUNTY, ALABAMA
PO BOX 816
ASHLAND, AL, 36251

256-354-7926
Julie.Poe@alacourt.gov



AlaFile E-Notice

17-CV-2019-900056.00

To:  KOHLBERG KRAVIS ROBERTS & CO (PRO SE)
9 WEST 57TH STREET
SUITE 4200
NEW YORK, NY, 10019-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLAY COUNTY, ALABAMA

THOMAS E. VINSON ET AL V. ACADEMY LTD ET AL
17-CV-2019-900056.00

The following answer was FILED on 2/3/2020 2:34:53 PM

Notice Date:     2/3/2020 2:34:53 PM

JULIE G. POE
CIRCUIT COURT CLERK
CLAY COUNTY, ALABAMA
PO BOX 816
ASHLAND, AL, 36251

256-354-7926
Julie.Poe@alacourt.gov



AlaFile E-Notice

17-CV-2019-900056.00

To:   WRIGHT RICHARD ALLEN
      rwright@wkfirm.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLAY COUNTY, ALABAMA

THOMAS E. VINSON ET AL V. ACADEMY LTD ET AL
17-CV-2019-900056.00

The following answer was FILED on 2/3/2020 2:34:53 PM

Notice Date:     2/3/2020 2:34:53 PM

JULIE G. POE
CIRCUIT COURT CLERK
CLAY COUNTY, ALABAMA
PO BOX 816
ASHLAND, AL, 36251

256-354-7926
Julie.Poe@alacourt.gov



AlaFile E-Notice

17-CV-2019-900056.00

To:   MCADORY JANINE ALICIA MCK
      jmcadory@wkfirm.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLAY COUNTY, ALABAMA

THOMAS E. VINSON ET AL V. ACADEMY LTD ET AL
17-CV-2019-900056.00

The following answer was FILED on 2/3/2020 2:34:53 PM

Notice Date:     2/3/2020 2:34:53 PM

JULIE G. POE
CIRCUIT COURT CLERK
CLAY COUNTY, ALABAMA
PO BOX 816
ASHLAND, AL, 36251

256-354-7926
Julie.Poe@alacourt.gov

ELECTRONICALLY FILED
9/3/2020 4:01 PM
17-CV-2019-900056.00
CIRCUIT COURT OF
CLAY COUNTY, ALABAMA
JULIE G. POE, CLERK

# STATE OF ALABAMA

**Unified Judicial System**

17-CLAY

☐ District Court   ☑ Circuit Court

Cas...

CV2...

THOMAS E. VINSON ET AL V. ACADEMY LTD ET AL

Revised 3/5/08

## CIVIL MOTION COVER SHEET

*Name of Filing Party:* D003 - KOHLBERG KRAVIS ROBERTS & CO

*Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*

COLE ROBINSON GRESHAM

100 BROOKWOOD PL. 7TH FL.

BIRMINGHAM, AL 35209

*Attorney Bar No.:* GRE127

☐ Oral Arguments Requested

## TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e.Summary Judgment, Judgment on the Pleadings, orother Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| ☐ Motion to Dismiss, or in the Alternative SummaryJudgment($50.00) | ☐ Continue |
| | ☐ Deposition |
| ☐ Renewed Dispositive Motion(Summary Judgment,Judgment on the Pleadings, or other DispositiveMotion not pursuant to Rule 12(b)) ($50.00) | ☐ Designate a Mediator |
| | ☐ Judgment as a Matter of Law (during Trial) |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Disburse Funds |
| ☐ Motion to Intervene ($297.00) | ☐ Extension of Time |
| ☐ Other _____ | ☐ In Limine |
| pursuant to Rule _____ ($50.00) | ☐ Joinder |
| | ☐ More Definite Statement |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☑ Motion to Dismiss pursuant to Rule 12(b) |
| | ☐ New Trial |
| ☐ Local Court Costs $  0 | ☐ Objection of Exemptions Claimed |
| | ☐ Pendente Lite |
| | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☐ Other _____ |
| | pursuant to Rule _____ (Subject to Filing Fee) |

Check here if you have filed  or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees)  ☐

Date:
2/3/2020 4:00:22 PM

Signature of Attorney or Party
/s/ COLE ROBINSON GRESHAM

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.
**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

ELECTRONICALLY FILED
9/5/2019 4:01 PM
17-CV-2019-900056.00
CIRCUIT COURT OF
CLAY COUNTY, ALABAMA
JULIE G. POE, CLERK

## IN THE CIRCUIT COURT OF CLAY COUNTY, ALABAMA

THOMAS E. VINSON, *et al.*    )
           )
 Plaintiffs,      )
           )
vs.          )  CASE No: 17-CV-2019-900056.00
           )
EXTREME PRODUCTS GROUP, LLC, )
*et al.*          )
           )
 Defendants.     )

### KKR & CO. INC.'S MOTION TO DISMISS

Defendant, KKR & Co., Inc. ("KKR")[1], pursuant to Alabama Rules of Civil Procedure 12(b)(2) and 12(b)(6), hereby by requests that the Court dismiss Plaintiffs' claims against KKR. The Court lacks personal jurisdiction over KKR in this action because the only alleged contact between KKR and Alabama is through KKR's portfolio company Academy Sports & Outdoors. Absent piercing the corporate veil, which has not been alleged here, the contacts of a separate corporate entity are not imputed to a parent corporation. Further, even assuming the Court has personal jurisdiction, Plaintiffs fail to state a claim because Alabama's Innocent Seller statute bars product liability claims against retailers or sellers of a product subject to certain exceptions that have not been alleged here. Therefore, as discussed further below, the claims against KKR are due to be dismissed.

---

[1] The Complaint incorrectly names the KKR Defendant. The Complaint names "Kohlberg Kravis Roberts & Company, Inc. a/k/a KKR & Co. Inc." as a defendant. (Doc. 2, § 5). According to the Delaware Secretary of State, there is no corporate entity known as Kohlberg Kravis Roberts & Company, Inc. (https://icis.corp.delaware.gov/Ecorp/EntitySearch/NameSearch.aspx).  To the extent that Plaintiffs intended to name KKR & Co. Inc., those claims fail as set forth herein.

{B3401822}

## **INTRODUCTION**

KKR is an investment firm formed under the laws of the state of Delaware with its principal place of business in New York, New York. (Doc. 2, ¶ 5). KKR is the parent corporation of co-defendant Academy Sports & Outdoors ("Academy"). (*Id.*). According to the Complaint, Plaintiff, Matthew Vinson, purchased an inversion table manufactured by Extreme Products Group, LLC from an Academy store in Birmingham, Alabama. (Doc. 2, ¶ 12). The Complaint then alleges that Plaintiff, Thomas E. Vinson, was injured when the foot-locking mechanism on the inversion table unexpectedly released. (Id. at ¶ 17). As a result of these alleged injuries, Plaintiffs brought the following claims against KKR (1) Alabama Extended Manufacturer's Liability Doctrine, (2) design defect, (3) manufacturing defect, (4) failure to warn, (5) negligence and/or wantonness, and (6) breach of implied warranty.

## **ARGUMENT**

### I.   THE CLAIMS AGAINST KKR ARE DUE TO BE DISMISSED FOR LACK OF PERSONAL JURISDICTION.

"The plaintiff has the burden of proving that the trial court has personal jurisdiction over the defendant." *Ex parte Alamo Title Co.*, 128 So. 3d 700, 708 (Ala. 2013). "The Due Process Clause of the Fourteenth Amendment permits a forum state to subject a nonresident defendant to its courts only when that defendant has sufficient 'minimum contacts' with the forum state." *Elliott v. Van Kleef*, 830 So. 2d 726, 730 (Ala. 2002). "'Two types of contacts can form a basis for personal jurisdiction: general contacts and specific contacts. General contacts, which give rise to general personal jurisdiction, consist of the defendant's

contacts with the forum state that are unrelated to the cause of action and that are both 'continuous and systematic.'" *Elliott*, 830 So. 2d at 730 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 9 (1984)).

General personal jurisdiction requires the court to find a "corporation's 'affiliations with the State are so continuous and systematic as to render it essentially at home in the forum State.'" *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). It requires an "exceptional case" for general personal jurisdiction to exist outside of a corporation's state of incorporation or principal place of business. *Id.* at 919 n.19. Specific personal jurisdiction requires "contacts with the forum state that are related to the cause of action." *Elliott*, 830 So.2d at 730. These "related contacts . . . must rise to such a level as to cause the defendant to anticipate being haled into court in the forum state." *Id.*

Here, as the Complaint concedes, KKR is incorporated in Delaware with its principal place of business in New York, not Alabama. (Doc. 2, ¶ 5). The Complaint also does not allege any contacts that would tend to show that KKR is "essentially at home in" Alabama. There is, therefore, no general personal jurisdiction over KKR in Alabama. Likewise, there is no specific personal jurisdiction, as the Complaint does not allege that KKR had any contact with Alabama, much less contact related to the cause of action. In fact, KKR's only alleged involvement is that it is the parent company of Academy—the store where Plaintiff's allegedly purchased the inversion table—which is a separate corporate entity from KKR.

"Generally, a foreign parent corporation is not subject to the jurisdiction of a forum state merely because a subsidiary is doing business there." *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1293 (11th Cir. 2000). "Where the 'subsidiary's presence in the state is primarily for the purpose of carrying on its own business and the subsidiary has preserved some semblance of independence from the parent, jurisdiction over the parent may not be acquired on the basis of the local activities of the subsidiary.'" *Id.* (quoting Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1069 (2d ed.1987)). There is no allegation in the Complaint that Academy was doing anything other than carrying out its own business when it allegedly sold the inversion table. There is also no allegation in the Complaint that the Court should pierce the corporate veil. Given the Complaint's failure to allege KKR had any contact with Alabama, much less minimum contacts, the claims against KKR are due to be dismissed for lack of personal jurisdiction.

## II. EVEN ASSUMING PERSONAL JURISDICTION EXISTS, PLAINTIFFS' CLAIMS FAIL TO STATE A CLAIM.

As an initial matter, the Complaint does not allege that KKR actually did anything. The Complaint does not allege that KKR manufactured the inversion table, and it does not allege that KKR sold the inversion table. The Complaint only alleges that KKR is the parent corporation of Academy. However, "[a] parent corporation which owns all the stock of a subsidiary corporation is not liable for acts of its subsidiary corporation, unless the parent corporation so controls the operation of the subsidiary corporation as to make it a mere adjunct, instrumentality, or alter ego of the parent corporation." *Ex parte Baker*, 432 So. 2d 1281, 1284 (Ala. 1983). Again, the Complaint does not allege that KKR dominated or

controlled Academy or that Academy was the alter ego of KKR. As a result, the Complaint

has failed to allege that KKR did anything.

Even assuming the Complaint did attempt to pierce the corporate veil, the claims

against KKR would still fail as a result of Alabama's Innocent Seller statute. Alabama's

Innocent Seller statute provides:

a.  No product liability action may be asserted or may be provided a claim
    for relief against any distributor, wholesaler, dealer, retailer, or seller
    of a product, or against an individual or business entity using a product
    in the production or delivery of its products or services (collectively
    referred to as the distributor) unless any of the following apply:

1.  The distributor is also the manufacturer or assembler of the
    final product and such act is causally related to the product's
    defective condition.

2.  The distributor exercised substantial control over the design,
    testing, manufacture, packaging, or labeling of the product and
    such act is causally related to the product's condition.

3.  The distributor altered or modified the product, and the
    alteration or modification was a substantial factor in causing
    the harm for which recovery of damages is sought.

4.  It is the intent of this subsection to protect distributors who are
    merely conduits of a product. This subsection is not intended
    to protect distributors from independent acts unrelated to the
    product design or manufacture, such as independent acts of
    negligence, wantonness, warranty violations, or fraud.

Ala. Code § 6-5-501(2)(a). The statute defines "product liability action" as:

Any action brought by a natural person for personal injury, death, or property
damage caused by the manufacture, construction, design, formula,
preparation, assembly, installation, testing, warnings, instructions,
marketing, packaging, or labeling of a manufactured product when such
action is based upon (a) negligence, (b) innocent or negligent
misrepresentation, (c) the manufacturer's liability doctrine, (d) the Alabama
extended manufacturer's liability doctrine, as it exists or is hereafter
construed or modified, (e) breach of any implied warranty, or (f) breach of

any oral express warranty and no other. A product liability action does not include an action for contribution or indemnity.

Ala. Code § 6-5-501(2).

Here, there can be no dispute all of Plaintiffs' claims are part of a "product liability action." Accordingly, the Innocent Seller statute applies. According to the Complaint, Academy's only action was selling the allegedly defective inversion table. (Doc. 2, ¶¶ 4, 9, and 12). Given that Academy is a "seller" for purposes of the Innocent Seller statute, Plaintiffs may not assert a product liability action against Academy unless one of the enumerated exceptions applies. The Complaint, however, does not allege that any of the exceptions apply. According to the Complaint, the inversion table was manufactured by Extreme Products, LLC, not Academy. (Doc. 2, ¶¶ 3, 9, and 12). There is nothing to suggest that Academy controlled the design or manufacture of the inversion table, and there is nothing to indicate that Academy altered or modified the inversion table. As a result, the product liability claims against Academy are barred by the Innocent Seller statute.

As Academy is an innocent seller, Plaintiff likewise has no claims against KKR, which is even further removed from the sale of the inversion table. Thus, any claim against KKR based on an attempt to pierce the corporate veil is also barred.

## CONCLUSION

The claims against KKR are due to be dismissed for lack of personal jurisdiction as the Complaint does not allege that KKR had any contacts with the State of Alabama. Furthermore, even assuming there was personal jurisdiction, the claims against KKR fail

because the Complaint has not alleged that KKR did anything other than own Academy, which is also entitled to dismissal pursuant to Alabama's Innocent Seller statute.

Dated: February 3, 2020                    Respectfully submitted,


                                           /s/ Cole R. Gresham
                                           Jay M. Ezelle (ASB-4744-Z72J)
                                           Cole R. Gresham (ASB-8993-L74G)
                                           STARNES DAVIS FLORIE LLP
                                           100 Brookwood Place, 7th Floor
                                           Birmingham, AL 35209
                                           *jme@starneslaw.com*
                                           *crg@starneslaw.com*

                                           ***Attorneys for KKR & Co. Inc.***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 3, 2020, I electronically filed the foregoing with the Clerk of the Court using the Ala-File system to the following:

Richard A. Wright
Janine McKinnon McAdory
WETTERMARK & KEITH, LLC
3595 Grandview Parkway, Suite 350
Birmingham, Al 35243
Tel: (205) 933-9500
Fax: (205) 309-0500
rwright@wkfirm.com
jmcadory@wkfirm.com

The following Parties that have not yet appeared were served via First Class U.S. Mail:

Extreme Products Group, LLC
c/o Corporation Services Company
2711 Centerville Road
Wilmington, Delaware 19808

Academy LTD.
c/o Corporation Services Company
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104

/s/ Cole R. Gresham



AlaFile E-Notice

17-CV-2019-900056.00

Judge: DAVID F. LAW

To: WRIGHT RICHARD ALLEN
rwright@wkfirm.com

# NOTICE OF CASE SETTING

IN THE CIRCUIT COURT OF CLAY COUNTY, ALABAMA

THOMAS E. VINSON ET AL V. ACADEMY LTD ET AL
17-CV-2019-900056.00

The following matter is SET FOR HEARING

D003 KOHLBERG KRAVIS ROBERTS & CO
MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Filer: GRESHAM COLE ROBINSON]

Hearing Date:   03/24/2020
Hearing Time:   09:00:00 AM
Location:

Notice Date:    2/4/2020 10:57:30 AM

JULIE G. POE
CIRCUIT COURT CLERK
CLAY COUNTY, ALABAMA
PO BOX 816
ASHLAND, AL, 36251

256-354-7926
Julie.Poe@alacourt.gov



AlaFile E-Notice

17-CV-2019-900056.00

Judge: DAVID F. LAW

To: MCADORY JANINE ALICIA MCK
jmcadory@wkfirm.com

# NOTICE OF CASE SETTING

IN THE CIRCUIT COURT OF CLAY COUNTY, ALABAMA

THOMAS E. VINSON ET AL V. ACADEMY LTD ET AL
17-CV-2019-900056.00

The following matter is SET FOR HEARING

D003 KOHLBERG KRAVIS ROBERTS & CO
MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Filer: GRESHAM COLE ROBINSON]

Hearing Date:     03/24/2020
Hearing Time:     09:00:00 AM
Location:

Notice Date:      2/4/2020 10:57:30 AM

JULIE G. POE
CIRCUIT COURT CLERK
CLAY COUNTY, ALABAMA
PO BOX 816
ASHLAND, AL, 36251

256-354-7926
Julie.Poe@alacourt.gov



AlaFile E-Notice

17-CV-2019-900056.00

Judge: DAVID F. LAW

To:   ROLLINS JOHN EMORY
      jrollins@handfirm.com

# NOTICE OF CASE SETTING

IN THE CIRCUIT COURT OF CLAY COUNTY, ALABAMA

THOMAS E. VINSON ET AL V. ACADEMY LTD ET AL
17-CV-2019-900056.00

The following matter is SET FOR HEARING

D003 KOHLBERG KRAVIS ROBERTS & CO
MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Filer: GRESHAM COLE ROBINSON]

Hearing Date:    03/24/2020
Hearing Time:    09:00:00 AM
Location:

Notice Date:     2/4/2020 10:57:30 AM

JULIE G. POE
CIRCUIT COURT CLERK
CLAY COUNTY, ALABAMA
PO BOX 816
ASHLAND, AL, 36251

256-354-7926
Julie.Poe@alacourt.gov



AlaFile E-Notice

17-CV-2019-900056.00

Judge: DAVID F. LAW

To:   GRESHAM COLE ROBINSON
      cgresham@starneslaw.com

# NOTICE OF CASE SETTING

IN THE CIRCUIT COURT OF CLAY COUNTY, ALABAMA

THOMAS E. VINSON ET AL V. ACADEMY LTD ET AL
17-CV-2019-900056.00

The following matter is SET FOR HEARING

D003 KOHLBERG KRAVIS ROBERTS & CO
MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Filer: GRESHAM COLE ROBINSON]

Hearing Date:     03/24/2020
Hearing Time:     09:00:00 AM
Location:

Notice Date:      2/4/2020 10:57:30 AM

JULIE G. POE
CIRCUIT COURT CLERK
CLAY COUNTY, ALABAMA
PO BOX 816
ASHLAND, AL, 36251

256-354-7926
Julie.Poe@alacourt.gov



AlaFile E-Notice

17-CV-2019-900056.00

Judge: DAVID F. LAW

To: EXTREME PRODUCTS GROUP, LLC (PRO SE)
C/O THE COMPANY CORP.
251 LITTLE FALLS DRIVE
WILMINGTON, DE, 19808-0000

---

# NOTICE OF CASE SETTING

---

IN THE CIRCUIT COURT OF CLAY COUNTY, ALABAMA

THOMAS E. VINSON ET AL V. ACADEMY LTD ET AL
17-CV-2019-900056.00

The following matter is SET FOR HEARING

D003 KOHLBERG KRAVIS ROBERTS & CO
MOTION TO DISMISS PURSUANT TO RULE 12(B)
[Filer: GRESHAM COLE ROBINSON]

Hearing Date: 03/24/2020
Hearing Time: 09:00:00 AM
Location:

Notice Date: 2/4/2020 10:57:30 AM

JULIE G. POE
CIRCUIT COURT CLERK
CLAY COUNTY, ALABAMA
PO BOX 816
ASHLAND, AL, 36251

256-354-7926
Julie.Poe@alacourt.gov

ELECTRONICALLY FILED
3/21/2020 10:02 AM
17-CV-2019-900056.00
CIRCUIT COURT OF
CLAY COUNTY, ALABAMA
JULIE G. POE, CLERK

CLAY COUNTY, ALABAMA
JULIE G. POE, CLERK

## IN THE CIRCUIT COURT OF CLAY COUNTY, ALABAMA

THOMAS E. VINSON and
MATTHEW VINSON,

      Plaintiffs,

vs.

EXTREME PRODUCTS GROUP, LLC, a
foreign company;
ACADEMY LTD. doing business as
ACADEMY SPORTS & OUTDOORS, a
foreign company;
KOHLBERG KRAVIS ROBERTS &
COMPANY, INC. a/k/a KKR & CO. INC.,
a foreign corporation;
FICTITIOUS DEFENDANTS 1-25,
individuals and/or entities who or which had
any role in the decisions and/or actions related
to ordering, stocking, and/or displaying store
merchandise, including the specific product
made the basis of this Complaint, at the
Academy Sports & Outdoors previously
located at 310 Doug Baker Blvd. in
Birmingham, Alabama; and
FICTITIOUS DEFENDANTS 26-50,
individuals and/or entities who or which had
any role in the design, manufacture, testing,
advertising and/or distribution of the specific
product made the basis of this Complaint;

      Defendants.

CIVIL ACTION NO. _____

COMPLAINT AND
DEMAND FOR JURY TRIAL

## COMPLAINT

COME NOW, **THOMAS E. VINSON** and **MATTHEW VINSON**, by and through the

undersigned counsel, and bring forth this civil Complaint for damages:

## INTRODUCTION

Inversion tables are devices promoted to allegedly reduce back and muscle pain by

relieving pressure on the user's spine. The user, while standing with his back against the table-

like surface, secures his feet at one end of the table by adjusting the foot-locking mechanism located at his ankles. The table has a pivoting mechanism which then allows the user to invert his body into an upside-down, nearly vertical, position.

Despite increasing demand for inversion tables for temporary back pain relief, no adequate government regulations for inversion equipment have been created that mandate essential manufacturing standards. With no regulations, manufacturers can build inversion tables with inferior materials and cost-cutting techniques.

Defects in the design of inversion tables are well-known within the industry. Indeed, inversion tables with similar or identical foot-locking mechanisms have failed and been subject to voluntary recalls by distributors as well as mandatory recalls by the Consumer Product Safety Commission.

Plaintiffs bring this case against Defendants for damages associated with the use of a Body Vision IT9825 Inversion Table which was designed, manufactured, marketed, sold and distributed by Defendants. Specifically, Plaintiff **THOMAS E. VINSON** suffered various injuries, including but not limited to, physical pain and suffering and medical, hospital and surgical expenses as a direct result of a defect in the foot-locking mechanism of the Body Vision IT9825 Inversion Table.

## PARTIES

1. Plaintiff **THOMAS E. VINSON** is a resident of Phillipsburg, New Jersey.

2. Plaintiff **MATTHEW VINSON** is the son of THOMAS E. VINSON and a resident of Ashland, Clay County, Alabama.

3. Defendant **EXTREME PRODUCTS GROUP, LLC** ("Extreme Products") is formed under the laws of the state of Delaware with its principal place of business in Phoenix, Arizona. Extreme Products is a sporting goods manufacturer and designer which markets and

distributes its products under the brand "Elite Fitness" and is the manufacturer of the Body Vision Inversion Table.  Extreme Products markets, sells, and distributes fitness and related equipment throughout the United Stated, including Alabama.

4.    Defendant **ACADEMY LTD. d/b/a ACADEMY SPORTS & OUTDOORS** ("Academy Sports") is formed under the laws of the state of Texas with its principal place of business in Katy, Texas. Academy Sports, a sporting goods retailer authorized to do business in and profiting from business in the State of Alabama, marketed and sold the defective Body Vision Inversion Table at issue in this lawsuit.

5.    **KOHLBERG KRAVIS ROBERTS & CO.** a/k/a **KKR & CO. INC.** ("KKR") is an investment firm formed under the laws of the state of Delaware with its principal place of business in New York, New York.  KKR is the parent company of Academy Sports.

6.    **FICTITIOUS DEFENDANTS 1-25** are individuals and/or entities doing business in the State of Alabama, and at all times relevant to the allegations of the instant Complaint, were doing business and/or involved in the decisions and/or actions related to ordering, stocking, and/or displaying store merchandise, including the specific product made the basis of this Complaint, at the Academy Sports & Outdoors previously located at 310 Doug Baker Blvd. in Birmingham, Alabama. Each of said defendants is hereinafter collectively referred to as "Defendants."

7.    **FICTITIOUS DEFENDANTS 26-50** are individuals and/or entities doing business in the State of Alabama, and at all times relevant to the allegations of the instant Complaint, had a role in, or were responsible for, the design, manufacture, testing, advertising and/or distribution of the specific product made the basis of this Complaint.

## JURISDICTION AND VENUE

8.      Plaintiff Matthew Vinson is a resident and citizen of Ashland, Clay County, Alabama

9.      Plaintiff Thomas E. Vinson was injured while using the Body Inversion Table manufactured by Extreme Products and sold by Academy Sports previously located at 310 Doug Baker Blvd. in Birmingham, Alabama.  Plaintiff's injuries occurred at his son's residence in Ashland, Clay County, Alabama.

10.     At all times relevant to this action, Defendants, and each of them, engaged, either directly or indirectly, in the business of designing, manufacturing, testing, advertising, distributing, ordering, stocking, and/or displaying the inversion table at issue and permitting or causing the inversion table at issue to be delivered to, and used by, Plaintiffs. Defendants knew, and intended for, their product to reach Plaintiffs in Clay County, Alabama.

11.     Jurisdiction is proper in the Circuit Court of Clay County, Alabama because a substantial part of the events or omissions giving rise to this suit occurred in Clay County, Alabama and Defendants committed torts in whole or in part against Plaintiff in Clay County, Alabama.

## FACTUAL ALLEGATIONS

12.     In January 2019, Plaintiff Matthew Vinson purchased an Extreme Products "Body Vision IT9825 Premium Inversion Table" (hereinafter, the "IT9825") from Academy Sports previously located at 310 Doug Baker Blvd. in Birmingham, Alabama.

13.     On its website, www.extremeproductsgroup.com, Extreme Products describes the IT9825 as follows:

The Body Vision IT 9825 has **support** for maximum comfort. Unlike other inversion tables made out of plastic, or thin padding, this model incorporates thick **comfortable** structured foam, and a durable cover to ensure ultimate comfort. Be on your way to a better back with the Body Vision IT 9825 Inversion Table.

- Removable head pillow
- Soft foam backrest
- Easy grip foam handlebars
- Adjustable and removable lumbar pad
- Frame safety locking pin
- 4 position 20, 40, 60, and 90 degree inversion selector pin
- Sturdy steel tube frame
- Inversion height adjust from 5'1" and 6'6"
- Rolling wheels
- Comfortable foam ankle rollers
- 30 minutes or less assembly
- 250lb weight capacity
- Folds for easy storage

Our Inversion Tables are designed to **relieve back pressure**, elongate the spine, **increase blood circulation**, reduce negative effects of gravity, promote stretching, improve posture, **relieve muscle aches**, and relieve stress.

14.    The IT9825 purchased by Matthew Vinson cost approximately $120.00 before taxes.

15.    As indicated by the owner's manual, the leg-hold tube, part of the foot-locking mechanism on the IT9825, contained a spring pre-assembled inside the tube from the factory.

16.    On or about February 1, 2019, while visiting his son in Ashland, Alabama, Plaintiff Thomas E. Vinson attempted to use the IT9825 purchased by his son.

17.    While in the inverted position hanging upside-down, the foot-locking mechanism on the IT9825 unexpectedly released causing Thomas E. Vinson to fall straight down onto his head with hyperflexion of his neck.

18.    Thomas E. Vinson was unaware of the defective design and the danger to him posed by the defective design.

19.    Thomas E. Vinson was taken by ambulance to the emergency room due to neck pain, weakness and paralysis of the upper and lower extremities.

20.    Emergency physicians diagnosed Thomas E. Vinson with a spinal cord injury, and CT scans of the cervical spine revealed a fracture of the spinous process at C6.

21.    On February 4, 2019, Thomas E. Vinson, who was age 70 at the time, underwent a C6-C7 anterior cervical diskectomy and fusion ("ACDF").

22.    Following his discharge from the hospital, Plaintiff Thomas E. Vinson endured weeks of physical and occupational therapy.

23.    To date, Thomas E Vinson has recovered only a very small amount of movement in his arms and legs, with little fine motor control, minimal ability to move with any significant range of motion, and minimal ability to grip with his hands.

24.    Thomas E. Vinson will require lifelong medical and related care, services, equipment, and supplies as a result of his spinal injury.

25.    Thomas E. Vinson has suffered and will continue to suffer pain and suffering, medical costs, income loss and earning capacity losses as a result of his spinal injury.

### COUNT I
### ALABAMA EXTENDED MANUFACTURER'S LIABILITY DOCTRINE
### ALABAMA CODE § 6-8-501 *et seq.*

26.    Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

27.    Defendants are strictly liable to Plaintiff Thomas E. Vinson under Ala. Code § 6-5-501 *et seq.* ("AEMLD").

28.     Defendants have engaged in the business of designing, researching, manufacturing, marketing, supplying, promoting, packaging, selling, testing and/or distributing the IT9825. Through their conduct, Defendants knowingly and intentionally placed the IT9825 into the stream of commerce with full knowledge that it reaches consumers, such as Plaintiffs, who utilize it in its intended manner.

29.     Defendants researched, developed, designed, tested, manufactured, inspected, labeled, distributed, marketed, promoted, sold and otherwise released the IT9825 into the stream of commerce. Defendants directly advertised, marketed, and promoted the IT9825 to Plaintiffs and other consumers, and therefore had a duty to warn of the risks associated with the use of the IT9825.

30.     Defendants expected the IT9825 to reach, and it did in fact reach, consumers, including Plaintiffs, without any substantial change in the condition of the product from when it was initially distributed by Defendants.

31.     The IT9825, as manufactured and/or supplied by Defendants, was defective due to inadequate warnings or instructions, Defendants knew or should have known that the product created significant risks of serious bodily harm to consumers, as alleged herein, and they failed to adequately warn consumers of such risks.

32.     The IT9825 was defective and unsafe such that it was unreasonably dangerous when it left the Defendants' possession and/or control, was distributed by Defendants, and utilized by Plaintiffs. The IT9825 contained warnings insufficient to alert consumers, including Plaintiffs, to the dangerous risks associated with use of the IT9825, including falling while inverted as Plaintiff Thomas E. Vinson did.

33.    This defect caused serious injury to Plaintiff Thomas E. Vinson, who used the IT9825 for its intended purpose and in a reasonably anticipated manner.

34.    At all times herein mentioned, Defendants had a duty to properly test, develop, design, manufacture, inspect, package, label, market, promote, sell, distribute, supply, warn and take such other steps as necessary to ensure the IT9825 did not cause users to suffer from unreasonable and dangerous risks.

35.    Defendants negligently and recklessly labeled, distributed and promoted the IT9825.

36.    Defendants had a continuing duty to warn Plaintiff of the dangers associated with the IT9825.

37.    Defendants, as manufacturers, sellers, or distributors of sporting goods and related products, are held to the knowledge of an expert in the field.

38.    Plaintiffs could not have discovered any defects in the IT9825 through the exercise of reasonable care and relied upon the skill, superior knowledge and judgment of Defendants.

39.    Defendants were aware of the probable consequences of the aforesaid conduct. Despite the fact that Defendants knew or should have known that the IT9825 could cause serious injuries, they failed to exercise reasonable care to warn of the severity of the dangerous risks associated with its use. The dangerous propensities of the IT9825, as referenced above, were known to the Defendants, or knowable to them, through appropriate research and testing by known methods, at the time they distributed, supplied or sold the product. Such information was not known to ordinary consumers who would be expected to purchase the IT9825 for personal use.

40.     The IT9825, as manufactured and/or supplied by Defendants, was unreasonably dangerous when used by consumers, including Plaintiffs, in a reasonably intended manner without knowledge of this risk of serious bodily harm.

41.     Each of the Defendants knew or should have known that the limited warnings disseminated with the IT9825 were inadequate, but they failed to communicate adequate information on the dangers of their product and information on the safe use of their product, taking into account the characteristics of and the ordinary knowledge common to ordinary consumers who would be expected to purchase the IT9825 for personal use.

42.     In particular, Defendants failed to communicate warnings and instructions to ordinary consumers that were appropriate and adequate to render the product safe for its ordinary, intended, and reasonably foreseeable uses, including the common, foreseeable, and intended use of the product by consumers, including Plaintiffs.

43.     To this day, Defendants have failed to adequately and accurately warn of the true risks of injuries associated with the use of the IT9825.

44.     Due to these deficiencies and inadequacies, the IT9825 was unreasonably dangerous and defective as manufactured, distributed, promoted, advertised, sold, labeled and marketed by the Defendants.

45.     Had Defendants properly disclosed and disseminated the risks associated with the IT9825, Plaintiff Thomas E. Vinson would have avoided the risk of sustaining injuries as alleged herein.

46.     The Defendants are liable to Plaintiff Thomas E. Vinson for injuries caused by their negligent or willful failure to provide adequate warnings or other clinically relevant

information and data regarding the appropriate use of the IT9825 and the risks associated with its use.

47.     As a foreseeable, direct, and proximate consequence of Defendants' actions, omissions, and misrepresentations, **Plaintiff Thomas E. Vinson suffered a spinal cord injury and fracture of the cervical spine, which caused partial quadriplegia, decreased coordination and balance, occupational disruption and other related health complications.** In addition, Plaintiff Thomas E. Vinson requires, and will continue to require, healthcare and services. Plaintiff Thomas E. Vinson has incurred and will continue to incur medical and related expenses. Plaintiff Thomas E. Vinson also has suffered and will continue to suffer diminished capacity for the enjoyment of life, a diminished quality of life, increased risk of premature death, aggravation of preexisting conditions, activation of latent conditions, and other losses and damages. Plaintiff Thomas E. Vinson has incurred and will continue to incur mental and physical pain and suffering.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants, individually, jointly, and severally, and request compensatory and punitive damages, together with interest, costs herein incurred, attorneys' fees, and all such other and further relief as this Court deems just and proper.  Plaintiffs also demand that the issues contained herein be tried by a jury.

## COUNT II
## DESIGN DEFECT

48.     Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

49.     Defendants placed the IT9825 into the stream of commerce while it was defective and unreasonably dangerous.

50.     The IT9825 had a design defect in that it failed to perform as safely as an ordinary user would expect when used in a manner reasonably foreseeable to the manufacturer.

51.     The IT9825 was flawed in its design in that it failed to secure the user's feet. Specifically, the IT9825 failed to properly secure Plaintiff Thomas E. Vinson's feet during the foreseeable and intended use by Thomas E. Vinson.

52.     The IT9825 was flawed in its design in that it failed to apprise the user that the foot-locking mechanism was, or was not, fully engaged.

53.     The IT9825 was flawed in its design in that it failed to utilize a foot-locking mechanism which would affirmatively and effectively engage the user's ankles and feet in place.

54.     At the time the IT9825 was designed, safer alternative designs existed which were both technically and economically feasible, and which would have eliminated and/or mitigated the risk of the aforementioned foot release and fall.

55.     The IT9825 reached Plaintiffs without substantial change to its condition and was in that same condition at the time of Plaintiff Thomas E. Vinson's injury.

56.     The design defect was a direct and proximate cause of the damages, harms and losses alleged in the instant action.

57.     As a foreseeable, direct, and proximate consequence of Defendants' actions, omissions, and misrepresentations, **Plaintiff Thomas E. Vinson suffered a spinal cord injury and fracture of the cervical spine, which caused partial quadriplegia, decreased coordination and balance, occupational disruption and other related health complications.** In addition, Plaintiff Thomas E. Vinson requires and will continue to require healthcare and

services. Plaintiff Thomas E. Vinson has incurred and will continue to incur medical and related expenses. Plaintiff Thomas E. Vinson also has suffered and will continue to suffer diminished capacity for the enjoyment of life, a diminished quality of life, increased risk of premature death, aggravation of preexisting conditions, activation of latent conditions, and other losses and damages. Plaintiff Thomas E. Vinson has incurred and will continue to incur mental and physical pain and suffering.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants, individually, jointly, and severally, and request compensatory and punitive damages, together with interest, costs herein incurred, attorneys' fees, and all such other and further relief as this Court deems just and proper. Plaintiffs also demand that the issues contained herein be tried by a jury.

**COUNT III**
**MANUFACTURING DEFECT**

58.     Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

59.     The IT9825 was designed, manufactured, marketed, promoted, sold and introduced into the stream of commerce by Defendants.

60.     When it left the control of Defendants, the IT9825 was expected to, and did reach Plaintiff without substantial change from the condition in which it left Defendants' control.

61.     The IT9825 was defective when it left Defendants' control and was placed in the stream of commerce, in that there were foreseeable risks that exceeded the benefits of the product and/or that it deviated from the product specifications and/or applicable requirements, and posed a risk of serious injury and death.

62.     Plaintiffs used the IT9825 in substantially the same condition it was in when it left the control of Defendants and any changes or modifications were foreseeable by Defendants.

63.     Plaintiffs did not misuse or materially alter the IT9825 at issue.

64.     Defendants' conduct, as described above, was reckless. Defendants risked the lives and health of consumers and users of the IT9825, including Plaintiffs, with knowledge of the safety problems associated with the IT9825, and suppressed this knowledge from the general public. Defendants made conscious decisions not to redesign, adequately warn, or inform the unsuspecting public. Defendants' reckless conduct warrants an award of punitive damages.

65.     As a foreseeable, direct, and proximate consequence of Defendants' actions, omissions, and misrepresentations, **Plaintiff Thomas E. Vinson suffered a spinal cord injury and fracture of the cervical spine, which caused partial quadriplegia, decreased coordination and balance, occupational disruption and other related health complications.** In addition, Plaintiff Thomas E. Vinson requires and will continue to require healthcare and services. Plaintiff Thomas E. Vinson has incurred and will continue to incur medical and related expenses. Plaintiff Thomas E. Vinson also has suffered and will continue to suffer diminished capacity for the enjoyment of life, a diminished quality of life, increased risk of premature death, aggravation of preexisting conditions, activation of latent conditions, and other losses and damages. Plaintiff Thomas E. Vinson has incurred and will continue to incur mental and physical pain and suffering.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants, individually, jointly, and severally, and request compensatory and punitive damages, together with interest, costs herein incurred, attorneys' fees, and all such other and further relief

as this Court deems just and proper.  Plaintiffs also demand that the issues contained herein be tried by a jury.

## COUNT IV
## FAILURE TO WARN

66.    Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

67.    Defendants placed the IT9825 into the stream of commerce in an unreasonably dangerous condition.

68.    Defendants failed to include a specific warning that persons using the table could be caused to suffer injury due to a defective foot-locking mechanism.

69.    As a foreseeable, direct, and proximate consequence of Defendants' actions, omissions, and misrepresentations, **Plaintiff Thomas E. Vinson suffered a spinal cord injury and fracture of the cervical spine, which caused partial quadriplegia, decreased coordination and balance, occupational disruption and other related health complications.** In addition, Plaintiff Thomas E. Vinson requires and will continue to require healthcare and services. Plaintiff Thomas E. Vinson has incurred and will continue to incur medical and related expenses. Plaintiff Thomas E. Vinson also has suffered and will continue to suffer diminished capacity for the enjoyment of life, a diminished quality of life, increased risk of premature death, aggravation of preexisting conditions, activation of latent conditions, and other losses and damages. Plaintiff Thomas E. Vinson has incurred and will continue to incur mental and physical pain and suffering.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants, individually, jointly, and severally, and request compensatory and punitive damages, together with interest, costs herein incurred, attorneys' fees, and all such other and further relief

as this Court deems just and proper.  Plaintiffs also demand that the issues contained herein be tried by a jury.

## COUNT V
## NEGLIGENCE AND/OR WANTONNESS

70.  Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

71.  At all times relevant to this action, Defendants had a duty to exercise reasonable care and to comply with the existing standards of care in their preparation, design, research, development, manufacture, inspection, labeling, marketing, promoting, and selling of the IT9825, which Defendants introduced into the stream of commerce, including a duty to ensure that users would not suffer from unreasonable, dangerous, or adverse side effects posed by the IT9825.

72.  At all times relevant to this action, Defendants knew or, in the exercise of reasonable care, should have known that the IT9825 was unreasonably dangerous and defective when used as directed and as designed.

73.  At all times relevant to this action, Defendants failed to exercise reasonable care in the designing, manufacturing, marketing, promoting, and/or selling of a dangerous and defectively designed and/or manufactured product which put users at a substantial and unnecessary risk of harm.

74.  The negligence of Defendants, their agents, servants, and/or employees, included, but was not limited, to the following acts and/or omissions:

a) Negligently designing the IT9825 in a manner which was dangerous to consumers, including Plaintiff Thomas E. Vinson;

b) Designing, manufacturing, producing, creating and/or promoting the IT9825 without adequately, sufficiently, and/or thoroughly testing it;

.

   c)  Failing to adequately and correctly warn Plaintiffs and ordinary consumers of the dangers of the IT9825;

   d)  Failing to recall their dangerous and defective IT9825 at the earliest date that it became known that the device was, in fact, dangerous and defective;

   e)  Advertising and/or marketing the use of the IT9825 despite the fact that Defendants knew or should have known of its defects;

   f)  Representing that the IT9825 was safe for its intended purpose when, in fact, it was unsafe;

   g)  Designing the IT9825 in a manner which posed a significant risk of harm to consumers, including Plaintiff Thomas E. Vinson;

   h)  Manufacturing the IT9825 in a manner which posed a significant risk of harm to consumers, including Plaintiff Thomas E. Vinson; and

   i)  Failing to report, under-reporting, underestimating, and/or downplaying the serious danger of the IT9825.

75.    The injuries and damages suffered by Plaintiff Thomas E. Vinson were the reasonably foreseeable results of Defendants' negligence.

76.    Defendants' negligence/wantonness was a direct and proximate cause of Plaintiffs' injuries, damages, harms and economic losses alleged in this case.

77.    As a foreseeable, direct, and proximate consequence of Defendants' actions, omissions, and misrepresentations, **Plaintiff Thomas E. Vinson suffered a spinal cord injury and fracture of the cervical spine, which caused partial quadriplegia, decreased coordination and balance, occupational disruption and other related health complications.** In addition, Plaintiff Thomas E. Vinson requires and will continue to require healthcare and services. Plaintiff Thomas E. Vinson has incurred and will continue to incur medical and related expenses. Plaintiff Thomas E. Vinson also has suffered and will continue to suffer diminished capacity for the enjoyment of life, a diminished quality of life, increased risk of premature death,

aggravation of preexisting conditions, activation of latent conditions, and other losses and damages. Plaintiff Thomas E. Vinson has incurred and will continue to incur mental and physical pain and suffering.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants, individually, jointly, and severally, and request compensatory and punitive damages, together with interest, costs herein incurred, attorneys' fees, and all such other and further relief as this Court deems just and proper.  Plaintiffs also demand that the issues contained herein be tried by a jury.

## COUNT VI
## BREACH OF IMPLIED WARRANTY

78.    Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

79.    Defendants were in the business of marketing and selling the IT9825.

80.    At the time of sale, Defendants' conduct implied a warranty the IT9825 was reasonably fit for the ordinary purposes for which such products are used.

81.    At the time of sale, the IT9825 was not reasonably fit for the ordinary purposes for which such products are used.

82.    Because the product was not reasonably fit for its ordinary use, the product was defective and unreasonably dangerous.

83.    Defendants' breach of implied warranty was a direct and proximate cause of the damages, harms and losses alleged in this case.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants, individually, jointly, and severally, and request compensatory damages, together with interest, costs herein incurred, attorneys' fees, and all such other and further relief as this

Court deems just and proper. Plaintiffs also demands that the issues contained herein be tried by a jury.

## COUNT VII
## BREACH OF EXPRESS WARRANTY

84.    Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

85.    Defendant Extreme Products expressly warranted to Plaintiff Matthew Vinson, the following:

> Extreme Products Group warrants that this product will be free from defects in materials and workmanship for a period of ninety (90) days from the date of purchase. This warranty applies only to the original purchaser when purchase of the product is from an authorized retailer and is for personal or household use, but not when the sale is for commercial use. This warranty is not transferrable.

86.    Within ninety days of purchase of the IT9825 by Plaintiff Matthew Vinson, Plaintiffs discovered that the IT9825 was defective when the foot-locking mechanism failed causing Plaintiff Thomas E. Vinson to fall directly on his head.

87.    Extreme Products further expressly warranted to Plaintiffs, by and through its authorized agent or sales representative, Defendant Academy Sports, in publications, package inserts, the internet, and other communications intended for ordinary consumers that the IT9825 was safe, effective, fit and proper for its intended use.

88.    Plaintiffs relied on Defendants' representations regarding the quality and safety of the IT9825 and Defendants' representations became part of the basis of the bargain.

89.    As a direct and proximate result of the conduct of Defendant Extreme Products, Plaintiffs have suffered injuries, harm, damages and/or economic loss and will continue to suffer such harm, damages and economic loss in the future.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants, individually, jointly, and severally, and request compensatory damages, together with interest, costs herein incurred, attorneys' fees, and all such other and further relief as this Court deems just and proper. Plaintiffs also demand that the issues contained herein be tried by a jury.

Respectfully Submitted on this, the 4th day of December, 2019,

/s/ Richard A. Wright
Richard A. Wright (WRI055)
Janine McKinnon McAdory (MCK069)
WETTERMARK & KEITH, LLC
3595 Grandview Parkway, Suite 350
Birmingham, Alabama 35243
Phone: (205) 933-9500
Fax: (800) 309-0500
rwright@wkfirm.com
jmcadory@wkfirm.com

**PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL**

**ACADEMY LTD.**
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104

**EXTREME PRODUCTS GROUP, LLC**
c/o Corporation Services Company
2711 Centerville Road
Wilmington, Delaware 19808

**KOHLBERG KRAVIS ROBERTS & CO.**
9 West 57th Street, Suite 4200
New York, New York 10019



AlaFile E-Notice

17-CV-2019-900056.00

To:   RICHARD ALLEN WRIGHT
      rwright@wkfirm.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLAY COUNTY, ALABAMA

THOMAS E. VINSON ET AL V. ACADEMY LTD ET AL
17-CV-2019-900056.00

The following alias summons was FILED on 2/4/2020 10:02:15 AM

Notice Date:     2/4/2020 10:02:15 AM

JULIE G. POE
CIRCUIT COURT CLERK
CLAY COUNTY, ALABAMA
PO BOX 816
ASHLAND, AL, 36251

256-354-7926
Julie.Poe@alacourt.gov



AlaFile E-Notice

17-CV-2019-900056.00

To:  EXTREME PRODUCTS GROUP, LLC
C/O THE COMPANY CORP.
251 LITTLE FALLS DRIVE
WILMINGTON, DE, 19808

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLAY COUNTY, ALABAMA

THOMAS E. VINSON ET AL V. ACADEMY LTD ET AL
17-CV-2019-900056.00

The following alias summons was FILED on 2/4/2020 10:02:15 AM

Notice Date:     2/4/2020 10:02:15 AM

JULIE G. POE
CIRCUIT COURT CLERK
CLAY COUNTY, ALABAMA
PO BOX 816
ASHLAND, AL, 36251

256-354-7926
Julie.Poe@alacourt.gov



AlaFile E-Notice

17-CV-2019-900056.00

To:   MCADORY JANINE ALICIA MCK
      jmcadory@wkfirm.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLAY COUNTY, ALABAMA

THOMAS E. VINSON ET AL V. ACADEMY LTD ET AL
17-CV-2019-900056.00

The following alias summons was FILED on 2/4/2020 10:02:15 AM

Notice Date:    2/4/2020 10:02:15 AM

JULIE G. POE
CIRCUIT COURT CLERK
CLAY COUNTY, ALABAMA
PO BOX 816
ASHLAND, AL, 36251

256-354-7926
Julie.Poe@alacourt.gov



AlaFile E-Notice

17-CV-2019-900056.00

To:  ROLLINS JOHN EMORY
     jrollins@handfirm.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLAY COUNTY, ALABAMA

THOMAS E. VINSON ET AL V. ACADEMY LTD ET AL
17-CV-2019-900056.00

The following alias summons was FILED on 2/4/2020 10:02:15 AM

Notice Date:     2/4/2020 10:02:15 AM

JULIE G. POE
CIRCUIT COURT CLERK
CLAY COUNTY, ALABAMA
PO BOX 816
ASHLAND, AL, 36251

256-354-7926
Julie.Poe@alacourt.gov



AlaFile E-Notice

17-CV-2019-900056.00

To:   GRESHAM COLE ROBINSON
      cgresham@starneslaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLAY COUNTY, ALABAMA

THOMAS E. VINSON ET AL V. ACADEMY LTD ET AL
17-CV-2019-900056.00

The following alias summons was FILED on 2/4/2020 10:02:15 AM

Notice Date:     2/4/2020 10:02:15 AM

JULIE G. POE
CIRCUIT COURT CLERK
CLAY COUNTY, ALABAMA
PO BOX 816
ASHLAND, AL, 36251

256-354-7926
Julie.Poe@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>17-CV-2019-900056.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF CLAY COUNTY, ALABAMA**
**THOMAS E. VINSON ET AL V. ACADEMY LTD ET AL**

**NOTICE TO:** EXTREME PRODUCTS GROUP, LLC, C/O THE COMPANY CORP. 251 LITTLE FALLS DRIVE, WILMINGTON, DE 19808

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), RICHARD ALLEN WRIGHT

,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2131 MAGNOLIA AVE STE 200, BIRMINGHAM, AL 35205 .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of VINSON THOMAS E.

pursuate to the Alabama Rules of the Civil Procedure.   *[Name(s)]*

| 02/04/2020 | /s/ JULIE G. POE | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.     /s/ RICHARD ALLEN WRIGHT

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*          *(Name of County)*

Alabama on _____ .

*(Date)*

_____     _____     _____

*(Type of Process Server)*     *(Server's Signature)*     *(Address of Server)*

_____     _____

*(Server's Printed Name)*     *(Phone Number of Server)*



# U.S. Postal Service™
# CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

7018 3090 0001 7097 0746

Certified Mail Fee

$

Extra Services & Fees *(check box, add fee as appropriate)*

☐ Return Receipt (hardcopy)        $ _____
☐ Return Receipt (electronic)       $ _____
☐ Certified Mail Restricted Delivery  $ _____
☐ Adult Signature Required          $ _____
☐ Adult Signature Restricted Delivery $ _____

Postage

$

Total Postage and Fees

$

Postmark
Here

FEB 05 20

CV-19-900056

Sent To
*Wilteme Products Group LLC. C/o The Corcoran Corp.*

Street and Apt. No., or PO Box No.
*261 Little Falls Drive*

City, State, ZIP+4®
*Wilmington, DE 19808*

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

# Certified Mail service provides the following benefits:

- A receipt (this portion of the Certified Mail label).
- A unique identifier for your mailpiece.
- Electronic verification of delivery or attempted delivery.
- A record of delivery (including the recipient's signature) that is retained by the Postal Service™ for a specified period.

## Important Reminders:

- You may purchase Certified Mail service with First-Class Mail®, First-Class Package Service®, or Priority Mail® service.
- Certified Mail service is *not* available for international mail.
- Insurance coverage is *not* available for purchase with Certified Mail service. However, the purchase of Certified Mail service does not change the insurance coverage automatically included with certain Priority Mail items.
- For an additional fee, and with a proper endorsement on the mailpiece, you may request the following services:
  - Return receipt service, which provides a record of delivery (including the recipient's signature). You can request a hardcopy return receipt or an electronic version. For a hardcopy return receipt, complete PS Form 3811, *Domestic Return Receipt*; attach PS Form 3811 to your mailpiece;

for an electronic return receipt, see a retail associate for assistance. To receive a duplicate return receipt for no additional fee, present this USPS®-postmarked Certified Mail receipt to the retail associate.

- Restricted delivery service, which provides delivery to the addressee specified by name, or to the addressee's authorized agent.
- Adult signature service, which requires the signee to be at least 21 years of age (not available at retail).
- Adult signature restricted delivery service, which requires the signee to be at least 21 years of age and provides delivery to the addressee specified by name, or to the addressee's authorized agent (not available at retail).

- To ensure that your Certified Mail receipt is accepted as legal proof of mailing, it should bear a USPS postmark. If you would like a postmark on this Certified Mail receipt, please present your Certified Mail item at a Post Office™ for postmarking. If you don't need a postmark on this Certified Mail receipt, detach the barcoded portion of this label, affix it to the mailpiece, apply appropriate postage, and deposit the mailpiece.

**IMPORTANT: Save this receipt for your records.**

DOCUMENT 24

ELECTRONICALLY FILED
2/17/2020 12:34 PM
17-CV-2019-900056.00
CIRCUIT COURT OF
CLAY COUNTY, ALABAMA
JULIE G. POE, CLERK



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

The Company Corporation
251 Little Falls Dr.
Wilmington, DE 19808

9590 9402 2815 7069 6632 27

2. Article Number (Transfer from service label)
7017 1450 0001 6990 1153

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS S**

A. Signature

X Paul Sisofo
X Paul Sisofo

B. Received by (Printed Name)

D. Is delivery address different from item 1?
If YES, enter delivery address below:

3. Service Type
- Adult Signature
- Adult Signature Restricted Delivery
- Certified Mail®
- Certified Mail Restricted Delivery
- Collect on Delivery
- Collect on Delivery Restricted Delivery
- Insured Mail
- Insured Mail Restricted Delivery (over $500)

- Priority Mail Express®
- Registered Mail™
- Registered Mail Restricted Delivery
- Return Receipt for Merchandise
- Signature Confirmation™
- Signature Confirmation Restricted Delivery

Domestic Return Receipt



DOCUMENT 24

United States
Postal Service

USPS TRACKING #

9590 9402 2815 7069 6632 27

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

Wettermark, Keith
3595 Grandview Pkwy
Suite 350
Bham, AL 35243

Attn: Victoria
Monre



AlaFile E-Notice

17-CV-2019-900056.00

To:  RICHARD ALLEN WRIGHT
     rwright@wkfirm.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLAY COUNTY, ALABAMA

THOMAS E. VINSON ET AL V. ACADEMY LTD ET AL
17-CV-2019-900056.00

The following RETURN ON SERVICE - SERVED was FILED on 2/17/2020 12:34:54
PM

Notice Date:     2/17/2020 12:34:54 PM

JULIE G. POE
CIRCUIT COURT CLERK
CLAY COUNTY, ALABAMA
PO BOX 816
ASHLAND, AL, 36251

256-354-7926
Julie.Poe@alacourt.gov



AlaFile E-Notice

17-CV-2019-900056.00

To:   EXTREME PRODUCTS GROUP, LLC (PRO SE)
C/O THE COMPANY CORP.
251 LITTLE FALLS DRIVE
WILMINGTON, DE, 19808-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLAY COUNTY, ALABAMA

THOMAS E. VINSON ET AL V. ACADEMY LTD ET AL
17-CV-2019-900056.00

The following RETURN ON SERVICE - SERVED was FILED on 2/17/2020 12:34:54
PM

Notice Date:      2/17/2020 12:34:54 PM

JULIE G. POE
CIRCUIT COURT CLERK
CLAY COUNTY, ALABAMA
PO BOX 816
ASHLAND, AL, 36251

256-354-7926
Julie.Poe@alacourt.gov



AlaFile E-Notice

17-CV-2019-900056.00

To:  MCADORY JANINE ALICIA MCK
jmcadory@wkfirm.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLAY COUNTY, ALABAMA

THOMAS E. VINSON ET AL V. ACADEMY LTD ET AL
17-CV-2019-900056.00

The following RETURN ON SERVICE - SERVED was FILED on 2/17/2020 12:34:54
PM

Notice Date:     2/17/2020 12:34:54 PM

JULIE G. POE
CIRCUIT COURT CLERK
CLAY COUNTY, ALABAMA
PO BOX 816
ASHLAND, AL, 36251

256-354-7926
Julie.Poe@alacourt.gov



AlaFile E-Notice

17-CV-2019-900056.00

To:  ROLLINS JOHN EMORY
jrollins@handfirm.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLAY COUNTY, ALABAMA

THOMAS E. VINSON ET AL V. ACADEMY LTD ET AL
17-CV-2019-900056.00

The following RETURN ON SERVICE - SERVED was FILED on 2/17/2020 12:34:54
PM

Notice Date:     2/17/2020 12:34:54 PM

JULIE G. POE
CIRCUIT COURT CLERK
CLAY COUNTY, ALABAMA
PO BOX 816
ASHLAND, AL, 36251

256-354-7926
Julie.Poe@alacourt.gov



AlaFile E-Notice

17-CV-2019-900056.00

To:  GRESHAM COLE ROBINSON
     cgresham@starneslaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLAY COUNTY, ALABAMA

THOMAS E. VINSON ET AL V. ACADEMY LTD ET AL
17-CV-2019-900056.00

The following RETURN ON SERVICE - SERVED was FILED on 2/17/2020 12:34:54
PM

Notice Date:      2/17/2020 12:34:54 PM

JULIE G. POE
CIRCUIT COURT CLERK
CLAY COUNTY, ALABAMA
PO BOX 816
ASHLAND, AL, 36251

256-354-7926
Julie.Poe@alacourt.gov



AlaFile E-Notice

17-CV-2019-900056.00

To:   RICHARD ALLEN WRIGHT
      rwright@wkfirm.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLAY COUNTY, ALABAMA

THOMAS E. VINSON ET AL V. ACADEMY LTD ET AL
17-CV-2019-900056.00

The following RETURN ON SERVICE - SERVED was FILED on 2/17/2020 12:34:54
PM

Notice Date:      2/17/2020 12:34:54 PM

JULIE G. POE
CIRCUIT COURT CLERK
CLAY COUNTY, ALABAMA
PO BOX 816
ASHLAND, AL, 36251

256-354-7926
Julie.Poe@alacourt.gov

CV-2014-900576

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Extreme Products Group, LLC
C/o The Company Corp.
251 Little Falls Drive
Wilmington, DE 19808

9590 9402 4787 8344 5182 96

2. Article Number *(Transfer from service label)*

7018 3090 0001 7097 0716

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

x Paul Sisofo
□ Agent
□ Addressee

B. Received by *(Printed Name)*          C. Date of Delivery

Paul Sisofo

D. Is delivery address different from item 1?   □ Yes
   If YES, enter delivery address below:        □ No

3. Service Type
□ Adult Signature
□ Adult Signature Restricted Delivery
□ Certified Mail®
☑ Certified Mail Restricted Delivery
□ Collect on Delivery
□ Collect on Delivery Restricted Delivery
□ Restricted Delivery

□ Priority Mail Express®
□ Registered Mail™
□ Registered Mail Restricted Delivery
□ Return Receipt for Merchandise
□ Signature Confirmation™
□ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053                Domestic Return Receipt

USPS TRACKING #



9590 9480 4787 8344 5182 96

United States
Postal Service

STRICTION OF COURT

FILED

FEB 18 '20

CLAY COUNTY, AL

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

* Sender: Please print your name, address, and ZIP+4® in this box*

Circuit Clerk
P. O. Box 816
Ashland, Alabama 36251